HAROLD M. FLEMING AND HELENA P. FLEMING, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20284. Promulgated June 28, 1950.

*Harrington Harlow, Esq.*, and *Basil N. Bass, Esq.*, for the petitioners.

*Michael Waris, Jr., Esq.*, for the respondent.

1310

OPINION.

ARUNDELL, *Judge*: The narrow question for decision is whether the payments made by petitioner to his divorced wife, (Inez), for the years here involved include ascertainable amounts paid for the support of their minor daughter when the separation agreement imposing the payments is viewed in its entirety.

If ascertainable, such portions of the alimony payments are expressly excluded from the wife's taxable income and thus may not be deducted by the husband.[1]

* * * This subsection shall not apply to that part of any such periodic payment which the *terms of* the decree or *written instrument fix, in terms of an amount* of money or *a portion of the payment, as a sum which is payable for the support of minor children of such husband.* * * * [Sec. 22 (k), I. R. C. Emphasis added.]

We have previously held that in the application of the above quoted language the agreement fixing the payments must be construed as a whole and all its pertinent provisions examined for their ultimate effect. *Robert W. Budd*, 7 T. C. 413; affd. per curiam, 177 Fed. (2d) 198; *Warren Leslie, Jr.*, 10 T. C. 807; cf. *Dora H. Moitoret*, 7 T. C. 640.

---

[1] Deductions are permitted the husband under section 23 (u), I. R. C., if by the correlative provisions of section 22 (k) the payments are includible in the wife's gross income. Section 22 (k), I. R. C., provides, in part, as follows:

"* * * In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in discharge of, * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * *."

Our consideration of the agreement set forth in relevant part in our findings of fact convinces us that the general purport of the agreement was the payment of $100 monthly for the support of the child until she attained her majority and payment of another $100 monthly to the wife over a five-year period from December 1, 1937, through November 1, 1942. We are irresistibly drawn to this conclusion by the contingencies provided for in paragraph (6) of the agreement, particularly paragraph (6) (d) providing for cessation of all further payments to the wife if the child should die after November 1, 1942.

Having found that the agreement sufficiently earmarked a portion of the alimony payment for the support of the child and that petitioner may thus not deduct the $1,200 so paid in each of the years 1942, 1943, and 1944, we must likewise sustain respondent's determination that the balance of the amount petitioner paid in 1942 represented installment payments paid within a period of less than 10 years and is therefore not deductible.[2] The total alimony—*qua alimony* as contrasted to payments designated for the maintenance of the child—payable to the wife under the agreement amounted to 60 monthly payments of $100 each, or a total due of $6,000. It is immaterial that this principal sum was set forth in specified monthly payments rather than as a total figure. *Estate of Frank P. Orsatti*, 12 T. C. 188; cf. *J. B. Steinel*, 10 T. C. 409. Nor do the contingencies, such as the wife's death or remarriage which would terminate the monthly $100 sums payable to her, prevent the total due from being an "obligation" (*Steinel, supra*) or from being "specified" (*Orsatti, supra*) within the intendment of section 22 (k).

Petitioner contends that the payments were to be made over a period of 20 years and that they thus fall outside the 10-year limitation imposed by section 22 (k). But the $6,000 maximum amount payable to the wife over and above the earmarked funds for the child's support was expressly made payable within a 5-year period ending on November 1, 1942. Thus, we must deny to petitioner deduction of any part of the $2,300 that he paid in 1942.

Petitioner's alternative claim that he is entitled to a dependency exemption for his minor child under section 25 (b) of the code in each of the taxable years must be denied for failure of proof.

*Decision will be entered under Rule 50.*

---

[2] Section 22 (k), I. R. C., provides in part as follows:

"* * * Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, but only to the extent that such installment payment for the taxable year of the wife (or if more than one such installment payment for such taxable year is received during such taxable year, the aggregate of such installment payments) does not exceed 10 per centum of such principal sum."