Horace M. Read v. Commissioner.
Read v. Commissioner
Docket No. 27028.
United States Tax Court
1951 Tax Ct. Memo LEXIS 254; 10 T.C.M. (CCH) 399; T.C.M. (RIA) 51124; April 24, 1951
*254 Lucien L. Dunbar, Esq., 925 Circle Tower, Indianapolis, Ind., for the petitioner. Elmer Lyon, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The respondent determined deficiencies in the income tax of petitioner for the years 1946, 1947 and 1948 in the respective amounts of $374.52, $396.09 and $316.98. The sole question is whether the respondent erred in disallowing deductions for amounts paid by petitioner to his former wife pursuant to a "Property Settlement Agreement" entered into by them, which was adopted by the divorce court in its order granting a divorce. Findings of Fact Petitioner, a resident of Indianapolis, Indiana, filed his Federal income tax returns for the calendar years 1946, 1947, and 1948 with the collector of internal revenue for the district of Indiana at Indianapolis, Indiana. Petitioner and Virginia Read were married on September 30, 1930, and were separated on June 28, 1945. Virginia Read was granted a divorce from petitioner on October 11, 1945. Prior to the divorce petitioner and his wife entered into a "Property Settlement Agreement" dated October 10, 1945, which was approved and incorporated by reference *255 in the divorce decree. The "Property Settlement Agreement" referred to the pending divorce action and recited that both parties desire to settle and adjust their respective property rights by mutual agreement. The pertinent parts of the agreement read as follows: "1. Said Horace M. Read will transfer and assign all right, title and interest to the real estate located at 2620 East 34th Street, City of Indianapolis, County of Marion, State of Indiana, to Virginia J. Read. "2. That all of the household furnishings which include living room furniture, rugs, bedroom furniture, refrigerator, stoves, and all property now located in or on the premises at 2620 East 34th Street shall be retained by Virginia J. Read, free from any claim on the part of Horace M. Read; and any personal property now in the possession of Horace M. Read shall be retained by him free from any claim of Virginia J. Read. "3. Horace M. Read further agrees to pay to Virginia J. Read in addition to his interest in the above-described real estate and personal property, the sum of Thirty-Five Dollars ($35.00) per week for a period of Five (5) Years from the date of October 17, 1945, said payments to begin on said *256 date of October 17, 1945, and to be payable on Wednesday of each week thereafter during said entire five-year period. In the event of the death or remarriage of said Virginia J. Read within said five-year period, it is agreed that all payments shall stop and this agreement shall be deemed satisfied. "4. As security for said above-described payments, Horace M. Read will place in the possession of Virginia J. Read a Five-Thousand Dollar life insurance policy of the Connecticut General Life Insurance Company therein naming Virginia J. Read as beneficiary, and Horace M. Read further agrees to keep the premiums paid thereon as they shall become due. * * * "5. Said Virginia J. Read agrees on her part in consideration of the payments of the sums heretofore specified, to release said Horace M. Read from any further claim and demand arising out of said relationship of husband and wife, and to accept said payments as herein provided as a full, just, complete and final settlement of all property rights existing between said parties. * * *
"8. In view of the fact that there is a divorce action now pending between said parties, it is further agreed and understood that this settlement *257 agreement shall be in lieu of all alimony, and in the event a divorce shall be granted to either party it is agreed that this agreement shall be included in and made a part of the decree if the same is met with the approval of the court." * * *
In the divorce decree dated October 11, 1945, the court found that the parties had reached a satisfactory and legal settlement of their respective financial affairs and property rights by written contract executed on October 10, 1945, and "ordered, adjudged and decreed that said written contract between the parties of October 10, 1945, in settlement of their property rights be, and the same is, now approved as evidenced by this Court's written approval thereon and the same is made a part of this decree by reference thereto". The petitioner's net worth on September 30, 1945, was about $8,437.61. The property which Virginia J. Read was to receive and did receive under paragraphs one and two of the agreement of October 10, 1945, had a value of about $6,230. The payments of $35 per week, required by paragraph three of the agreement, were intended to provide support for petitioner's wife. In his income tax returns for the years 1946, *258 1947 and 1948 the petitioner claimed as alimony deductions the amounts of $1,820, $1,886.20 and $1,886.20, respectively, which he had paid to his divorced wife during those years pursuant to paragraph three of the agreement. These deductions were disallowed by the respondent. Opinion RAUM, Judge: This case turns on the application of Sections 23 (u) and 22 (k) of the Internal Revenue Code. However, the issue here presented is no longer open in this Court; it is governed by decisions in cases which in their significant essentials presented the same issue now before us. Harold M. Fleming, 14 T.C. 1308; Frank R. Casey, 12 T.C. 224; Estate of Frank P. Orsatti, 12 T.C. 188; J. B. Steinel, 10 T.C. 409. Decision will be entered for the respondent.