Edwin T. Heath v. Commissioner.
Heath v. Commissioner
Docket No. 31556.
United States Tax Court
1952 Tax Ct. Memo LEXIS 218; 11 T.C.M. (CCH) 482; T.C.M. (RIA) 52141; May 15, 1952
*218 Jesse W. Bush, Esq., for the petitioner. Ralph V. Bradbury, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined deficiencies in income tax against petitioner for the calendar years 1946 and 1947 in the amounts of $3,325.21 and $481, respectively, and penalties in the aggregate amount of $445.06 for petitioner's failure to file a declaration of estimated tax for 1947, as well as for substantial underestimate of estimated tax for 1947. Some of the adjustments giving rise to the determination of deficiencies are no longer in dispute. The principal question is whether payments made by petitioner in the aggregate amount of $6,000 in 1946 and $1,400 in 1947 to his divorced wife are deductible by him under Section 23(u) of the Internal Revenue Code. The parties have filed a stipulation of facts which is hereby adopted and incorporated herein by reference. [The Facts] Petitioner resides in Macon, Georgia. He filed his income tax returns for 1946 and 1947 with the collector of internal revenue for the district of Georgia. On June 3, 1946, petitioner was granted a divorce from his *219 wife, Thelma L. Heath, by a decree of the Superior Court of Bibb County, Georgia. The decree provided in part as follows: "The Court fixes alimony and support for the wife and children as follows: "The alimony agreement entered into by the parties to this action on April 12, 1946, a copy of which is attached to this petition, is hereby made the verdict and judgment of the Court." The agreement referred to by the court provided in part as follows: "WHEREAS, Both parties desire to settle and compromise any claim Mrs. Thelma L. Heath may have for alimony for herself; "NOW THEREFORE, It is agreed between the parties as follows: "Edwin T. Heath does hereby transfer and convey unto Mrs. Thelma L. Heath the sum of One Thousand Dollars ($1,000.00), receipt of which is hereby acknowledged. "Edwin T. Heath does also agree to pay to Mrs. Thelma L. Heath the sum of Two Hundred Dollars ($200.00) per month for a period of twelve (12) months, the first payment of $200.00 to be paid on May 1, 1946, and $200.00 to be paid thereafter on the first day of each succeeding month until twelve monthly payments have been made. "Edwin T. Heath does also agree to pay to Mrs. Thelma L. Heath, *220 for a period of ten (10) months after said $200.00 payments have been made, the sum of One Hundred ($100.00) Dollars per month, the first $100.00 payment to be made on May 1, 1947, and $100.00 to be paid on the 1st of each month thereafter until ten (10) payments, totalling One Thousand Dollars ($1,000.00) have been paid. "Edwin T. Heath does also agree to pay to Mrs. Thelma L. Heath, as soon as he sells his house located at 121 Glen Ridge Drive, Macon, Georgia, the additional sum of Three Thousand Dollars ($3,000.00), said sum to be paid in any event, regardless of whether or not the house is sold, within six (6) months from this date. "The sum total of all of the payments above described amounts to Seven Thousand Four Hundred Dollars ($7,400.00). "Mrs. Thelma L. Heath does accept these payments in full settlement and compromise of any and all right or claim she might have against her husband for alimony for herself, and as a full and final settlement of any claims for dower, inheritance, or homestead. "In the event any suit for divorce shall be filed by either party to this contract, it is agreed that this contract shall be submitted to the court for its approval, and both *221 parties request the court to approve and adopt this contract, and make it the judgment of the court, in such event." Pursuant to the foregoing agreement, as incorporated in the decree, petitioner paid his former wife a total of $6,000 in 1946 and $1,400 in 1947 on the dates indicated below: 1946: April 13, 1946
$1,000.00
May 1, 1946
200.00
May 22, 1946
3,000.00
June 3, 1946
200.00
June 29, 1946
$ 200.00
August 6, 1946
200.00
August 30, 1946
200.00
September 28, 1946
200.00
October 2, 1946
600.00
December 21, 1946
200.00
Total
$6,000.00
1947: January 4, 1947
$ 400.00
January 22, 1947
500.00
March 31, 1947
500.00
Total
$1,400.00
Grand Total
$7,400.00
The foregoing amounts were included in the Federal income tax returns of the divorced wife for the years 1946 and 1947, and income tax in the amount of $756.54 resulting therefrom for the year 1946 was paid by petitioner in 1947. At the time of the agreement the parties assumed that the payments would be includible in the wife's income and deductible from petitioner's income. [Opinion] We conclude that the $6,000 and $1,400 payments may not be deducted by petitioner. *222 The deductions allowed by Section 23(u) are geared to Section 22(k), which provides in part as follows: "* * * Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, * * *." We are satisfied that the agreement of April 12, 1946 called for the payment of a principal amount of $7,400, during a comparatively short period, and that the payments herein fail to qualify for deduction under the statute. The result is abundantly clear, particularly in the light of prior decisions by this Court. Cf., e.g., F. Ellsworth Baker, 17 T.C. -; William M. Haag, 17 T.C. 55; Joseph D. Fox, 14 T.C. 1131; Harold M. Fleming, 14 T.C. 1308; Estate of Frank P. Orsatti, 12 T.C. 188; Frank R. Casey, 12 T.C. 224; *223 J. B. Steinel, 10 T.C. 409. No issue is here presented in relation to the divorced wife's right to a refund with respect to the payments included in her gross income. And although petitioner attempts, by brief, to argue that he is entitled to a "set-off" in the amount of $756.54 representing the 1946 income taxes which he paid for his divorced wife, no such issue was raised by the pleadings, and the Court did not understand that any such issue was being presented at the hearing. We therefore do not consider it. No evidence was presented which showed the Commissioner's assertion of the penalties involved herein to be erroneous. In the circumstances, his determination must be approved. Decision will be entered under Rule 50.