William E. MacKay v. Commissioner.
William E. MacKay v. Commissioner
Docket No. 41198.
United States Tax Court
1954 Tax Ct. Memo LEXIS 321; 13 T.C.M. (CCH) 63; T.C.M. (RIA) 54032; January 26, 1954
*321 William E. MacKay, Esq., 449 West 14th Street, New York, N. Y., pro se. Charles M. Greenspan, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The respondent determined a deficiency in the income tax of the petitioner for the year 1948 in the amount of $1,003.83. The sole issue is whether the respondent erred in disallowing to the extent of $4,000 a deduction of $6,000 claimed by the petitioner under Section 23 (u) of the Internal Revenue Code. Findings of Fact Petitioner, a resident of New York City, filed his income tax return for the year 1948 with the collector of internal revenue for the second district of New York. Petitioner and his wife, Jane H. MacKay, were married June 4, 1938. The issue of the marriage were William E. MacKay Jr., born in 1939, and Douglas Woodworth MacKay, born in 1944. Petitioner and his wife entered into a separation agreement dated June 26, 1946, and were legally separated by a decree of separation, dated March 31, 1947, entered by the Supreme Court of the State of New York. The separation agreement provided, in part, as follows: "8. The husband warrants and represents to the *322 wife that his total income has never exceeded $15,000, annually, and as of February 18, 1946 was at the rate of $15,000. annually. The husband shall pay to the wife, without demand, at the rate of $6,000 per annum, equal monthly payments of $500. each on the 1st day of each and every month commencing with July 1, 1946. The payment of the aforesaid rate shall be calculated from February 18, 1946, and the total from said date to the payment due July 1, 1946 amounting to $2166.66 minus $412.46 allowed to the husband from disbursements made during that period, shall be paid to the wife together with the first payment due July 1, 1946. "In the event the wife remarries or dies without remarrying or is divorced by the husband by decree valid in the State of New York, the aforesaid obligation shall be reduced by the sum of $2,000. annually. Upon the death, attainment of the age of twenty-one years or husband's obtaining custody of either child, the obligation shall be reduced $2,000. for each child. This provision shall apply to both children. The obligation to make any or all of the aforesaid payments shall terminate upon the death of the husband. Any payments accruing but uncollected before *323 the occurrence of any one of the foregoing conditions shall be recoverable. "9. The wife agrees, providing either or both said children is actually attending a private school wherein tuition is required to be paid, to contribute out of the aforesaid payment the annual sum of $500. toward the annual cost of tuition for each child at any such private school. If for any reason whatsoever either child or both children is not in attendance at a private school for which tuition is required to be paid, the wife shall not be required to make such payment or contribution thereto. For the purposes of this provision the calendar year shall be divided into quarters and payment made or not made for each quarterly period, depending upon the circumstances therein pertaining. * * *
"12. Providing the aforesaid payments are timely made, they are made and to be made in full release, satisfaction and discharge of any and all claims and rights in favor of the wife against the husband and the wife accepts the same in lieu of and in place of all claims and rights she may now or in the future have against the husband for support and maintenance of herself and the support and maintenance of the children *324 and agrees to use the sums herein provided to be paid to her for that purpose. * * *
"17. Each of the parties hereto hereby stipulates and agrees that none of the provisions of this agreement may be altered, modified, amended or waived, except with respect to the children by court order, or by an instrument in writing, under seal, signed by both parties hereto and that no evidence of any such alteration, modification or waiver, of any of the terms hereof, may be offered in evidence in any action or proceeding between the parties hereto, unless the evidence of such waiver, modification or alteration shall be in writing duly signed by the party sought to be charged therewith; and that none of the terms of this particular paragraph '17' may be waived, modified or altered, except by an instrument in writing, signed by both parties hereto, or with respect to the children by court order. * * *
In the separation decree, it was - "ORDERED, ADJUDGED AND DECREED that the defendant pay to the plaintiff the sum of $6,000 per annum, payable in installments of $500 each on the first of each and every month after the entry of this decree, which payments shall be made pursuant to and *325 in accordance with the support and maintenance provisions of the written agreement between the parties dated June 26, 1946 heretofore placed in evidence herein, and of the said $6000 annual payment, the payment of $2000 shall terminate upon the death of the plaintiff, the plaintiff's divorce by the defendant by a decree valid in the State of New York or upon the plaintiff's remarriage after divorce from the defendant, and an additional $2000 of said $6000 annual payment shall terminate upon each of the issue of said marriage, viz., William E. MacKay, Jr. (born February 21, 1939) and Douglas Woodworth MacKay (born April 5, 1944) attaining the age of twenty-one (21) years or upon either or both of said issue's death prior to attaining the age of twenty-one (21) respectively or upon the defendant's obtaining custody of either or both issue pursuant to a final order or judgment of this Court." During the year 1948, the petitioner paid Jane H. MacKay $6,000, in installments of $500 per month, pursuant to the decree of separation. In his income tax return for that year, he claimed a deduction from gross income of $6,000. The respondent in determining the deficiency disallowed $4,000 of *326 the amount claimed and in his notice gave the following "Explanation of Adjustment": "(a) The deduction of $6,000 claimed for payments made to Mrs. Jane Harvey MacKay has been disallowed to the extent of $4,000.00. "Credit for exemptions has been increased from $600.00 to $1,800.00, computed in accordance with the provisions of section 25 (b) (1) (A) and (D) of the Internal Revenue Code." Of the $6,000 paid by petitioner to his wife during the year 1948, $4,000 represented an amount fixed by the terms of the separation agreement and decree of separation as a sum payable for the support of their minor children. Opinion RAUM, Judge: Section 23 (u) of the Internal Revenue Code provides that a husband who is divorced or legally separated from his wife may deduct in computing net income payments made by him to his wife which are includible in her gross income under Section 22 (k). Section 22 (k) provides that a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance shall include in her gross income periodic payments received subsequent to such decree in discharge of a legal obligation which, because *327 of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation. It also provides that "This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband." Whether a portion of the periodic payment is allocable to the support of minor children is to be determined by a reading of the instrument as a whole. Robert W. Budd, 7 T.C. 413, affirmed, 177 Fed. (2d) 198 (C.A. 6); Warren Leslie, Jr., 10 T.C. 807; Harold M. Fleming, 14 T.C. 1308. Although there are some differences in facts between this case and the foregoing decisions, we think that the same basic problem is here presented and that the same answer is required. We have no doubt, upon reading the agreement and the decree, that one-third of each payment was intended by these instruments for the support of each child. Cf. Mandel v. Commissioner, 185 Fed. (2d) 50 *328 (C.A. 7). Petitioner relies upon the fact that an earlier draft of the agreement, which he refused to sign, made it explicit that the periodic payments were to be in part for the support of the children. However, we are satisfied on the record before us that the redrafting of the agreement was merely for the purpose of achieving the same result in a different form. And we are fully convinced that even in its redrafted form the agreement, read as a whole, fixes a portion of the periodic payment for support of petitioner's minor children. Decision will be entered for the respondent.