Malcolm Neuwahl and Elizabeth L. Neuwahl (Husband and Wife) v. Commissioner.
Neuwahl v. Commissioner
Docket No. 46739.
United States Tax Court
T.C. Memo 1954-100; 1954 Tax Ct. Memo LEXIS 146; 13 T.C.M. (CCH) 665; T.C.M. (RIA) 54206; July 21, 1954, Filed *146 Malcolm Neuwahl, 1938 Hollywood Boulevard, Hollywood, Fla., pro se. A. F. Barone, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The respondent determined a deficiency in the income tax of petitioners for the year 1948 in the amount of $426.24, and an addition to tax in the amount of $77.15 under Section 294(d) of the Internal Revenue Code. The sole issue is whether $3,000 of the $5,500 deducted by the petitioners as alimony payments is an allowable deduction under the provisions of Section 23(u) of the Internal Revenue Code. The addition to tax of $77.15 is contingent upon the final determination of the deficiency. Findings of Fact The facts which have been stipulated are found accordingly. The petitioners, husband and wife, reside in Hollywood, Florida. They filed a joint income tax return for the year 1948 with the collector of internal revenue for the district of Florida. Malcolm Neuwahl will hereinafter be referred to as the petitioner. Petitioner was formerly married to Dorothy Neuwahl Stein, hereinafter referred to as Dorothy. On April 18, 1947, petitioner and Dorothy, then husband *147 and wife, entered into a written separation agreement which provided in part as follows: "THIS AGREEMENT made, entered into and executed at Oil City, Pennsylvania, this 18th day of April, 1947, by and between MALCOLM NEUWAHL, of Hollywood, Florida, party of the first part, hereinafter designated as the husband, and DOROTHY NEUWAHL, of the same place, party of the second part, hereinafter designated as the wife, WITNESSETH THAT: "WHEREAS, the parties hereto are husband and wife and are the parents of two minor children, Barbara Neuwahl, aged five years, and Elizabeth Ann Neuwahl, aged eight months; and * * *
"WHEREAS, it is the desire of the parties hereto to hereby avoid disputes and differences regarding the custody, care and maintenance of their minor children and to amicably provide for their maintenance and support and the maintenance and support of the party of the second part and to effect a property settlement between them; * * *
"II. "(a) That Dorothy Neuwahl shall have sole and exclusive custody and control of the minor children of the parties hereto and the sole and exclusive right to reside with and maintain said minors in such place or places as she *148 shall desire and determine. "(b) In the event of the death of Dorothy Neuwahl before the children become twenty-one years of age, Malcolm Neuwahl shall have the custody of the children. * * *
"IV. "(a) Malcolm Neuwahl shall pay to Dorothy Neuwahl for and during the term of her natural life the sum of five hundred ($500.00) dollars per month, starting May 1st, 1947, and payable on or before the 1st day of each month thereafter, except as hereinafter provided. From such payments, Dorothy Neuwahl agrees that she will support and care for the minor children of the parties hereto. "(b) Should the parties hereto be divorced and the said Dorothy Neuwahl remarry, the amount to be paid hereunder shall be reduced from the sum of $500.00 per month to the sum of two hundred fifty ($250.00) dollars per month. When each child becomes twenty-one years of age and self-supporting, the amount payable to Dorothy Neuwahl shall be reduced by the sum of one hundred twenty-five dollars per month for each child. The payments shall be reduced by the same amount in the event of the death of either one of said children. If either child is not self-supporting when such child becomes twenty-one years *149 of age, the payments herein provided for shall be continued for a period of three years after such child shall attain the age of twenty-one years or until such child becomes self-supporting, whichever event is earlier, and thereupon the payments shall be reduced by the sum of one hundred twenty-five dollars per month. "(c) Malcolm Neuwahl agrees to pay any extraordinary expenses incurred by Dorothy Neuwahl for nursing, hospitalization, medical or surgical attention which may be required by the minors, in addition to the payments herein provided for. * * *
"(f) If either or both of the children go to college, the said Malcolm Neuwahl agrees to pay during each college year of each child an additional sum of nine hundred ($900.00) Dollars per annum, payable quarterly, in advance. Such payments shall be in addition to the payments herein provided for." On June 4, 1947, Dorothy received a final decree of divorce from petitioner in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. The separation agreement was incorporated in and made a part of this divorce decree. During the month of August, 1948, petitioner's daughter, Barbara Ann, resided *150 with the petitioner, and he purchased some new clothes for her. He did not receive any reduction in the $500 payment due for that month. For the period January 1, 1948, to October 31, 1948, Dorothy was paid $500 per month by petitioner pursuant to the divorce decree. In November, 1948, Dorothy married a Mr. Stein and thereafter received for the remainder of 1948 $250 per month. The total payments made by petitioner to Dorothy for the year 1948 amounted to $5,500. For the taxable year 1948 Dorothy, in her income tax return, reported $2,500 as taxable income for alimony received from petitioner, and claimed no dependency credits for the two minor children. Petitioners in their joint return filed for the year 1948 claimed as alimony deductions the amount of $5,500 paid to Dorothy. The terms of the separation agreement incorporated in the final decree of divorce fix an amount of $250 per month for the support of petitioner's minor children. The final decree of divorce was modified by a decree of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, on September 8, 1949, to provide that, beginning October 1, 1949, the petitioner pay Dorothy Neuwahl *151 $200 per month for the support of their two minor children. The same court, by decree dated January 10, 1950, reduced the payments to be made for the support of the children to $100 per month beginning on that date. Opinion RAUM, Judge: A husband may deduct from gross income under Section 23(u) of the Internal Revenue Code such payments to his divorced wife as she must include in her gross income under Section 22(k). And in requiring the inclusion of periodic payments of alimony in her gross income, Section 22(k) provides that "This subsection shall not apply to that part of any such periodic payments which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband." This Court has in a number of cases had occasion to consider whether a portion of a periodic payment, under the terms of a decree or instrument incident to a divorce, was allocable to the support of minor children. Robert W. Budd, 7 T.C. 413, affirmed, 177 Fed. (2d) 198 (C.A. 6); Warren Leslie, Jr., 10 T.C. 807; Harold M. Fleming, 14 T.C. 1308; *152 Beulah Weil, 22 T.C. No. 79 (June 22, 1954). In each of these cases we have pointed out that this question is to be determined by a reading of the decree or instrument as a whole, and, in identifying the portion of the payments for the support of minor children, we have considered, among others, provisions for a reduction in payments upon remarriage of the wife or upon majority or death of a minor child. Here the agreement incorporated in the decree provided that in the event of the divorce or remarriage of Dorothy the monthly payments were to be reduced from $500 per month to $250 per month, and that in the event of the death of either child or [such child's] becoming 21 years of age and self-supporting, the payments should be reduced by $125 per month. These provisions convince us that $250 of each monthly payment was intended for the support of petitioner's minor children. Cf. Mandel v. Commissioner, 185 Fed. (2d) 50 (C.A. 7). Petitioner urges that he did not have enough control of the monthly payments to compel his former wife to purchase proper clothes for his children; and that Section 22(k) was incorporated into the Internal Revenue Code to relieve *153 the father from paying tax on income over the spending of which he had no control. But an examination of this section and its legislative history (see Senate Report No. 1631, 77th Cong., 2d Sess., p. 86) clearly indicates that its purpose was to relieve the husband of tax only on that portion of a periodic payment which was not designated or identified in the divorce decree or written instrument for the support of minor children. There is nothing to suggest that its purpose was to make the deduction by the husband of any part of the periodic payment dependent upon his right to control the expenditure or use thereof made by his divorced wife. Since we are convinced that the agreement incorporated in the decree fixes a portion of the periodic payment for the support of petitioner's minor children, we have made an ultimate finding to that effect. Decision will be entered for the respondent.