MARK B. DEITSCH AND DOROTHY M. DEITSCH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48148.    Filed June 29, 1956.

*Stanley Schwartz, Jr., Esq.*, for the petitioners.
*John J. Larkin, Esq.*, for the respondent.

**OPINION.**

TIETJENS, *Judge:* The only question presented here is whether the $3,000 paid by Mark to Virginia in 1950, pursuant to the terms of paragraph 7 of the separation agreement, is a sum which is payable for the support of Mark's minor children within the meaning of section 22 (k) of the Internal Revenue Code of 1939. If it is, then the Commissioner's disallowance of the deduction as an alimony payment under section 23 (u) of the Internal Revenue Code of 1939 is correct.

Section 23 (u) allows as a deduction from gross income the amount of alimony payments paid by a husband to his former wife if such payments are includible in the gross income of the wife under section 22 (k). The relevant provisions of section 22 (k) are set out in the margin.[1]

It has been held in previously decided cases on this issue that "any adequate consideration of the problem here presented requires a construction of the agreement as a whole, and the reading of each paragraph in the light of all the other paragraphs thereof." *Robert W. Budd,* 7 T. C. 413 (1946), affd. (C. A. 6, 1947) 177 F. 2d 198.

When paragraph 7 is read in the light of the entire separation agreement it is apparent to us that the payments of $250 per month were intended to be solely for the support of the minor children of Mark and Virginia Deitsch, even though the separation agreement specifically states that the payments are for the support and maintenance of the wife as well as the support, maintenance, and education of the minor children.

We see no element of alimony in these payments in view of the fact that the payments are cut in half on the death, emancipation, or at-

---

[1] SEC. 22. GROSS INCOME.

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * * This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. * * *

tainment of age 18 of one of the children and the payments are entirely eliminated on the death, emancipation, or attainment of age 18 of both of the children. Thus, if both children were to die tomorrow, then petitioner would not be obligated to make any further monthly payments to his former wife.

Further indication that the monthly payments were not intended as alimony is derived from the other provisions of the separation agreement which provided that Virginia was otherwise to receive a substantial amount of property upon entering into the separation agreement, namely, the family residence free and clear of the mortgage then existing on the home, the furniture, equipment, and other household effects located in the residence, all jewelry then in the possession or custody of Virginia, and $10,000 in cash which she could do with as she pleased.

The division of the payment on the stated contingencies sufficiently earmarks the payments as being made solely for the support of the children and thus not deductible by the petitioner in computing his net income. *Warren Leslie, Jr.*, 10 T. C. 807 (1948) ; *Harold M. Fleming*, 14 T. C. 1308 (1950) ; *Saxe Perry Gantz*, 23 T. C. 576 (1954).

*Decision will be entered under Rule 50.*