TRUMAN W. MORSMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61259. Filed December 13, 1956.

*Truman W. Morsman, pro se.*
*Richard C. McLaughlin, Esq.,* for the respondent.

#### OPINION.

MULRONEY, *Judge:* The respondent determined a deficiency in income tax against petitioner for the calendar year 1952 in the amount of $816.01. Petitioner conceded certain adjustments made by respondent and the only question in the case is whether petitioner rightly deducted $1,200 he paid to his former wife, Mary Elaine Meyer Morsman, under a divorce decree which incorporated a settlement agreement between

the parties to the divorce action. The case was submitted upon an agreed statement of all of the facts.

Petitioner lives in Omaha, Nebraska, and he filed his Federal income tax return for the calendar year 1952 with the district director of internal revenue at Omaha. When petitioner and Mary Elaine were divorced in 1945, upon the petition of the latter, the decree recited "That the parties * * * have entered into an agreement as to their respective property rights, said agreement containing provisions for the support of plaintiff and for the care, maintenance and support of * * * Truman Ward Morsman, Jr.," the only issue of the marriage, who was then about 6 years old. The decree went on to hold the settlement agreement was just and equitable to each of the parties and "adequately provides for the care, maintenance and support of said minor child, and that said agreement should be and the same hereby is approved and incorporated in this decree."

The settlement agreement stated it was the desire of the parties, subject to the approval of the court, that the custody of Ward be equally divided beween them so that each would have such custody of the child for 6 months out of each year as nearly as practicable. The divided custody was reluctantly approved by the court in the decree. The payment provisions of the settlement agreement (paragraph 3) were somewhat geared to this divided custody arrangement. They provided, in part, as follows:

In order that Mary Elaine Meyer Morsman may be in a position properly to provide a home for herself, and to care for, maintain and support said minor child, Truman W. Morsman agrees to pay to her, commencing with the month of September, 1945, to supplement her own private income, the following sums of money under the conditions stated:

(a) $350.00 per month for each and every calendar month during any part of which Ward shall be in her custody.

(b) $300.00 per month for each and every full calendar month when Ward shall have been in the custody of the father, both paragraphs (a) and (b) being subject to the following conditions and limitations:

(c) All payments of any kind or nature shall cease upon the death of, or attainment of majority by Ward, or upon the death of Mary Elaine Meyer Morsman, regardless of any other provisions herein.

(d) In the event that Mary Elaine Meyer Morsman shall remarry, then the payment under (a) above shall thereafter be reduced to $100.00, and the payment under (b) above shall thereafter be reduced to $50.00.

One other paragraph of the settlement agreement that is of interest here is paragraph 7, as follows:

In the event of the decease of Truman W. Morsman before the decease of or attainment of majority by Ward, any payments that may still be due Mary Elaine Meyer Morsman hereunder shall become a claim against the estate of Truman W. Morsman, and he hereby binds his executors and administrators accordingly. That is to say, Mary Elaine Meyer Morsman shall have a claim against his estate for any payments due, or to become due, her under paragraph (a) at the full $350.00 rate, without regard to paragraphs (e) and (f), or for any

payments due, or to become due, her under paragraph (d), as the case may be or may become. All provided, however, that any claim allowed against the estate of Truman W. Morsman because of this agreement shall be treated as an advancement against the share of the estate otherwise coming to Ward, or for the benefit of Ward.

Other paragraphs of the settlement agreement provided for an adjustment downward of the payments if petitioner's gross income dropped below $12,000 (paragraph (e)), or if petitioner remarried and had born to him one or more children (paragraph (f)), the transfer of the home to the wife (paragraph 5), and the division of personal property between the parties.

Petitioner took a deduction of $1,200 for the 12 payments of $100 a month made to his former wife in the year 1952 pursuant to paragraph 3 (d) of the settlement agreement. Respondent in his computation disallowed the deduction on the ground that the amounts paid were for the support of Ward.

Section 23 (u) of the Internal Revenue Code of 1939 allows a husband to deduct payments made to a former wife which are includible in the wife's gross income under section 22 (k) of the Internal Revenue Code of 1939. The latter section excludes from the wife's gross income "that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband."

The sole question is whether the agreement and decree "fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of" the minor child. The agreement must be construed as a whole. *Harold M. Fleming*, 14 T. C. 1308; *Robert W. Budd*, 7 T. C. 413, affirmed per curiam 177 F. 2d 198. "Each case depends upon its own facts and specifically on the terms and provisions of the decree or written instrument." *Warren Leslie, Jr.*, 10 T. C. 807, 810; *Beulah Weil*, 22 T. C. 612. The answer to the question must be found in the agreement or decree, irrespective of how the money paid by the husband was actually used or expended. *Dora H. Moitoret*, 7 T. C. 640; Regs. 118, sec. 39.22 (k)–1 (d), providing, in part:

If, however, the periodic payments are received by the wife for the support and maintenance of herself and of minor children of the husband without such specific designation of the portion for the support of such children, then the whole of such amounts is includible in the income of the wife as provided in section 22 (k). * * *

The fact that the agreement, which is incorporated into the decree, provides for a single payment for the support of both the wife and children, is not controlling if other provisions of the agreement show that a specific portion of the single payment was allocable to the support of the children. *Mark B. Deitsch*, 26 T. C. 751; *Mandel* v. *Commissioner*, 185 F. 2d 50.

Respondent's argument that the payments in question under paragraph 3 (d) of the agreement were for the support of Ward, is that the agreement provided in paragraph 3 (c) "All payments of any kind or nature shall cease upon the death of, or attainment of majority by Ward * * *." The argument is that paragraph 3 (c) clearly shows the payments were not alimony but were for Ward's support until he attained majority or died before reaching majority. The full sweep of the argument would mean that payments under paragraph 3 (a) ($350 a month) or payments under paragraph 3 (b) ($300 a month) would also be entirely for Ward's support. The operation of paragraph 3 (c) would also mean the cessation of payments under those clauses upon the death of or attainment of majority by Ward.

Respondent cites such cases as *Mark B. Deitsch, supra*, and *Harold M. Fleming, supra*, where we did arrive at a conclusion that a clause, similar to paragraph 3 (c), sufficiently earmarked a single periodic payment as being for child support. But this case is different for the agreement here provided for three or four periodic payments in varying amounts depending upon certain contingencies. Are we to say the presence of the clause ending all of the payments on the death of Ward or his attainment of majority, is, in the language of the Commissioner in his regulation, a "specific designation" that all of the various payments under the agreement would be for the support of Ward? Clearly the agreement cannot be so construed. And it would be just as wrong to single out any one of the various payment sums provided in the agreement and say that is the amount that represents child support money for it will end on Ward's death or attainment of majority.

One other fact, present in this case, constitutes a vital distinction between this case and such cases as the *Deitsch* and *Fleming* cases and, in fact, between this case and every other case decided by this Court under the statutes involved. Here there was divided custody granted. The wife was given no superior custodial rights by the agreement or decree. Both said instruments, which we are here construing, contemplated custody by each parent 6 months out of each year. It was not a case of visitation rights, or the naked right of the father to have the child visit him in his home for 6 months. The father was granted actual custody. This clearly implied that the father would support the child for the 6-month period he would have custody and yet under the agreement he was bound to pay his former wife, during the period he would be supporting the child, either $300 or $50 (paragraphs 3 (b) and 3 (d)), depending upon whether his former wife was single or married. Clearly it could not be said here, as we were able to say in the *Deitsch* case, that there was "no element of alimony" in the payments. There is certainly an element of alimony in periodic payments which are to be made to a wife who is without custody of

her child. It matters not that the payments here under paragraph 3 (d) indicate the father did not exercise his custodial rights during the year involved. We are only concerned with the agreement and decree, to see if they contain a specific designation that would, in the language of the statute, "fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband."

One other argument mentioned in respondent's brief is based on paragraph 7 of the agreement which provides, in substance, that all of the payments specified in paragraph 3 shall constitute a claim against the petitioner's estate and "shall be treated as an advancement against the share of the estate otherwise coming to Ward, or for the benefit of Ward." We see no interpretation guide in this paragraph which would lead to a designation of any one of the payments specified in paragraph 3 as the child support amount in its entirety. The main purpose of this clause is to continue the payment obligations of the agreement and decree, which would probably otherwise cease upon the death of the husband. The clause is unclear in the amount the wife could claim unless it is meant the husband's estate was to be left open until Ward died or attained his majority. Whether the clause would operate to make the paid claim an advancement against Ward's share of his father's estate is something we need not go into. It is enough to say the clause does not aid us in fixing any specific sum which we can say is the payment allocable to child support.

While it is not argued in either brief, we think there are other clauses in the agreement which sufficiently fix "an amount of money * * * as a sum which is payable for the support" of Ward within the language of the statute. As previously pointed out, this agreement and decree provided for divided custody. The significant thing is that the wife was to be paid $50 less when she did not have custody of Ward. If she was unmarried she received $350 while Ward was in her custody and $300 when he was not. If she was married she received $100 a month when Ward was in her custody and $50 a month when he was not. This is a clear indication that, out of any payment she received, $50 was to go for the support of Ward. In effect, the agreement and decree provided petitioner pay the wife $50 more for each month the child resided with her. Cf. *Beulah Weil, supra.* While the agreement and decree provided for variations in the amounts to be paid the wife, the portion of the sum that was earmarked for child support was constant. We hold it was $50. Therefore, one-half of the $1,200 petitioner paid his wife during the year 1952 under paragraph 3 (d) of the agreement and decree was for child support and one-half was alimony. This means $600 would be deductible by the petitioner under section 23 (u) of the 1939 Code.

*Decision will be entered under Rule 50.*