240 F.2d 584
 57-1 USTC P 9346
 Charles S. WEIL, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Charles S. WEIL and Adreana Weil, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
Charles S. WEIL, Respondent.
COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
Charles S. WEIL and Adreana Weil, Respondents.
COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
Beulah WEIL, Respondent.
 Nos. 10-12, Dockets Nos. 23992-23994.
 United States Court of Appeals Second Circuit.
 Argued Nov. 8, 1956.
Decided Jan. 22, 1957.
 
 Amen, Gans, Weisman & Butler, New York City (Hiram S. Gans and Milton H. Reuben, New York City, of counsel), for petitioners-appellants Weil.
 Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Harry Baum and David O. Walter, Attys., Dept. of Justice, Washington, D.C., for Commissioner of Internal Revenue.
 Bondy & Schloss and Charles Kurz, New York City (Eugene L. Bondy, Charles Kurz and Bertram Braufman, New York City, of counsel), for respondent Beulah Weil.
 Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.
 MEDINA, Circuit Judge.
 
 
 1
 These cases are before us on petitions for review of the decisions of the Tax Court. The findings of fact and conclusions of law are reported at 22 T.C. 612; a supplemental opinion is reported at 23 T.C. 630; additional supplemental memorandum findings of fact and a further supplemental opinion are not reported.
 
 
 2
 Charles and Beulah Weil in 1940 entered into a separation agreement incident to a divorce. Under this agreement the husband became obligated to make certain periodic payments to the wife, and to pay the premiums of certain life insurance policies of which she was the primary beneficiary. The problem is the extent to which payments made pursuant to this agreement in the taxable years 1947 and 1948 are includible in the wife's taxable income rather than the husband's, by virtue of Sections 22 (k) and 23(u) of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 22(k) and 23(u).[1] Two questions must be answered:
 
 
 3
 (1) Were the insurance premium payments 'received' by the wife?
 
 
 4
 (2) Do 'the terms of the * * * instrument fix (a portion of the payments to the wife) as a sum which is payable for the support of minor children of such husband'?
 
 I.
 
 5
 By Article 12 of the agreement the husband undertook to deliver certain insurance policies to the wife, who agreed she would 'promptly put said policies in a safe deposit box for safe keeping,' and he further undertook to continue to pay the premiums. The agreement provided that the wife was to cease to have any interest in the policies if she remarried during his lifetime, and that she was to receive only half of the benefits if she remarried after his death. It also recited that, 'The Husband agrees that he will not assign, transfer or encumber said policies or any of them and that he will not surrender or in any other manner change the benefits or terms of said policies during the lifetime of the Wife or until her remarriage, without her written consent.' Although the policies provided that no assignment was to be binding unless in writing and filed with the company the husband did not execute any written assignment.
 
 
 6
 The husband contends: (1) that he may deduct premiums paid pursuant to the agreement, if the policies were assigned to his former wife; (2) that an assignment of insurance policies may be accomplished by delivery; and (3) that he did so assign the policies. Assuming arguendo that his first two contentions are correct, we must nevertheless reject his conclusion, because we find that he did not assign the policies. They were delivered to the wife only 'for safe keeping.' She had no right to change the beneficiary, to assign the policies, or to obtain the cash surrender values. Her interest ceased upon her death or remarriage during his lifetime. While certain restrictions were placed upon the husband's control of the policies, he clearly retained ownership. The Tax Court was correct in refusing to treat the premium payments as constructively received by the wife.
 
 II.
 
 7
 Prior to the Revenue Act of 1942, alimony was not treated as part of the wife's taxable income. By Section 120 of that Act, however, certain alimony payments were included in her gross income and the husband was allowed an equivalent deduction. 56 Stat. 798, 816. But the statute excepts from its coverage that part of such payments 'which the terms of the decree or written instrument fix * * * as a sum which is payable for the support of minor children.'
 
 
 8
 The Tax Court has held that the terms of the agreement now before us did 'fix' a part of the payments to be made by the husband thereunder as sums 'payable for the support of minor children.' We disagree.
 
 
 9
 The cases construing and applying the terms of the statute have been numerous. In the bewildering maze of different types of separation agreements, containing a great variety of clauses requiring payments to the wife for her own maintenance and for the support of minor children, the Tax Court seems gradually to have drifted into a series of decisions, including the one at bar, which conclude that a particular agreement does 'fix' sums 'payable for the support of minor children,' when it plainly does not.
 
 
 10
 The key words of the statute are 'payable for.' The context of Section 22 demonstrates that the Congress used this phrase advisedly. The wife is not relived of taxability on sums which she in fact expends for the support of minor children, but only on such sums as 'the terms of the * * * instrument fix * * * as * * * payable for' that purpose. The statute taxes to the wife sums which are available for her own use or benefit-- whether or not she has undertaken to support the minor children-- and does not tax to the wife sums she is required to devote exclusively to the support of the children. What vitiates the decision of the Tax Court in this case is its holding that sums may be 'payable for the support of minor children,' even though the wife may be free to use them for other purposes.
 
 
 11
 Despite two decisions seemingly to the contrary, Henrietta S. Seltzer, 22 T.C. 203, and Dorothy Newcombe, 10 T.C.M. 152, affirmed on another point, 9 Cir., 203 F.2d 128, the Tax Court has, in a series of cases culminating in the case at bar, adopted the position that it is enough if anywhere in the instrument there is mentioned a sum thought to be appropriate for the support of minor children under some circumstances. This erroneous principle emerges from the cases, although they do not articulate any basis for distinguishing between sums 'payable for the support of minor children' and sums not so payable. Rather, they proceed upon the false assumption that, whenever sums are to be paid for the support of both the wife and the children, some portion must be 'payable for' the children, and that it is the duty of the court to go over the instrument with a fine-tooth comb to discover a figure which might be used as the basis for a division of the tax burden. That such was the approach of the Tax Court in this case appears unmistakably from a reading of its opinion. See 22 T.C. 612.
 
 
 12
 We hold that sums are 'payable for the support of minor children' when they are to be used for that purpose only. Accordingly, if sums are to be considered 'payable for the support of minor children,' their use must be restricted to that purpose, and the wife must have no independent beneficial interest therein. This cannot be the case if the terms of the instrument contemplate a continuance of the payments to the wife after she has ceased to support the children. The fortuitous or incidental mention of a figure in a provision meant to be inoperative, unless some more or less probable future event occurs, will not suffice to shift the tax burden from the wife to the husband.
 
 
 13
 We now turn to the agreement to see whether, in the light of the principles just stated, its terms fix any amount as payable for the support of minor children.
 
 
 14
 Article 5 provides that, 'So long as she receives the payments herein provided for, the Wife agrees to live with and properly maintain, care for and educate the children.' In Article 8 she agrees to 'accept the provisions herein made for her in full payment and satisfaction of all obligations of the Husband for her support and maintenance, and for the support, education and maintenance of the children * * *.' Article 13 states that 'the Husband shall pay the sums as provided in this Article in full payment of any and all obligations of the Husband to support, maintain and care for the Wife and the children of the parties.' We think it plain that the wife undertook the obligation of supporting the children as part of the consideration on her part and that the husband undertook to make payments to the wife as part of the consideration on his. In these circumstances one would not expect to find in the agreement any requirement that the wife devote a particular portion of the payments to the support of the children; and there is none.
 
 
 15
 Except in the remarriage clause, the agreement nowhere requires the wife to devote any specified amount to the support of the children, nor, unless she remarries, are the payments to her to be reduced if it becomes no longer necessary for her to support either or both of the children. On the contrary, it is specifically provided in Article 13(j) that 'There shall be no revision in the payments herein provided for to be made to the Wife by reason of the death or majority of the children or either of them or by reason of the fact that they then no longer reside with the Wife * * *.'
 
 
 16
 We agree with the statement of the Commissioner in his brief that in order to sustain the determination of the Tax Court it is necessary to find in the agreement 'sufficient provisions showing an intention on the part of Charles Weil to provide for his minor children specifically, as distinct from an intention to provide for his former wife and have her in turn provide for the children.' But we are convinced that the agreement contains no such provisions. It is quite true that the agreement must be read as a whole, Mandel v. Commissioner, 7 Cir., 185 F.2d 50; Budd v. Commissioner, 6 Cir., 177 F.2d 198, and that no particular formula, such as the phraseology we have quoted from Section 22(k), is necessary. This particular instrument, however, must be construed as expressing the husband's intention to make payments to the wife and have her support the children, the very converse of what the Commissioner states is necessary to support the orders of the Tax Court in these cases.
 
 
 17
 The provisions of the agreement relied on by the Tax Court are fully described in its opinion, reported at 22 T.C. 612. In our view they do not bear on the question of what portion, if any, of the payments was 'specifically designated' as 'payable for the support of minor children.'The decision of the Tax Court is affirmed insofar as it relates to the insurance premiums paid by the husband, and reversed as to the payments claimed to have been made pursuant to the terms of an agreement fixing a sum payable for the support of minor children.
 
 
 18
 * * *
 
 
 19
 * * *
 
 
 
 [1]
 ' § 22 * * * (k) Alimony, etc., income. In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (Whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. In case any such periodic payment is less than the amount specified in the decree or written instrument, for the purpose of applying the preceding sentence, such payment, to the extent of such sum payable for such support, shall be considered a payment for such support.'
 ' § 23. In computing net income there shall be allowed as deductions:
 '(u) Alimony, etc., payments. In the case of a husband described in section 22(k), amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22(k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection.'
 Regulation 111, Section 29.22(k)-1 reads, in part:
 'Payments for support of minor children.-- Section 22(k) does not apply to that part of any periodic payment which, by the terms of the decree or the written instrument under section 22(k), is specifically designated as a sum payable for the support of minor children of the husband. The statute prescribes the treatment in cases where an amount or portion is so fixed but the amount of any periodic payment is less than the amount of the periodic payment specified to be made. In such cases, to the extent of the amount which would be payable for the support of such children out of the originally specified periodic payment, such periodic payment is considered a payment for such support. For example, if the husband is by terms of the decree required to pay $200 a month to his divorced wife, $100 of which is designated by the decree to be for the support of their minor children, and the husband pays only $150 to his wife, $100 is nevertheless considered to be a payment by the husband for the support of the children. If, however, the periodic payments are received by the wife for the support and maintenance of herself and of minor children of the husband without such specific designation of the portion for the support of such children, then the whole of such amounts is includible in the income of the wife as provided in section 22(k). Except in cases of a designated amount or portion for the support of the husband's minor children, periodic payments described in section 22(k) received by the wife for herself and any other person or persons are includible in whole in the wife's income, whether or not the amount or portion for such other person or persons is designated.'