**Mark B. DEITSCH and Dorothy M. Deitsch, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 13072.**

United States Court of Appeals
Sixth Circuit.

Nov. 22, 1957.

Roger K. Powell, Columbus, Ohio (Stanley B. Schwartz, Columbus, Ohio, on the brief), for petitioners.

Charles B. E. Freeman, Washington, D. C. (Charles K. Rice and Robert N. Anderson, Washington, D. C., on the brief), for respondent.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

This case arises on petition to review a decision of the United States Tax Court sustaining the Commissioner in disallowing deductions in income tax made by petitioners, husband and wife, who filed a joint return in the year 1950, and in finding a deficiency of $2,707.98 for the same year. The facts are stipulated and are as follows:

In 1949 petitioner [1] was divorced from his former wife, Virginia Deitsch. A separation agreement which had been executed between the parties prior to the divorce was incorporated in the divorce decree. Petitioner agreed to convey the family residence to the wife, to discharge

1. Where the term "petitioner" is used it refers to petitioner Mark Deitsch.

the mortgage loan thereon, and to pay the wife $10,000 for her support and for maintenance and education of two minor children. Petitioner also agreed to transfer to the wife all of his right, title and interest in furniture, equipment and household effects in the residence and all jewelry then in possession of the wife. All of these terms of the contract were fulfilled by petitioner and are not in question here. In addition, the separation agreement contained the following provision:

> "Husband agrees, during his lifetime, to pay Wife for the support and maintenance of the Wife and for the support, maintenance and education of said minor children the sum of $250.00 a month until said oldest child reaches the age of 18 years, and $125.00 per month thereafter until said youngest child reaches the age of 18 years, provided, however, that if the parties are divorced and if Wife remarried Husband agrees to pay Wife for herself and the support, maintenance and education of said children the sum of $150.00 per month until said oldest child reaches the age of 18 years, and $75.00 per month thereafter until said youngest child reaches the age of 18 years; and provided further that if either of said children should die or become emancipated before reaching the age of 18 years the amounts which the Husband agrees to pay thereafter shall be reduced one-half; and provided further that if both of said children die or are emancipated before the youngest reaches the age of 18 years said payments shall then cease and end."

During the year 1950 petitioner paid his former wife $250 each and every month in accordance with the agreement and these payments were deducted by petitioners in the calculation of their net income for such year. In their income tax return filed for 1950 petitioners claimed exemption for both minor children of petitioner Mark Deitsch as de-

pendent relatives. The Commissioner disallowed the entire sum of $3,000 for that year and determined a corresponding deficiency.

The Tax Court found that the monthly payments totalling $3,000 made during the tax year 1950 to petitioner's former wife were "amounts paid solely for the support of the minor children" and therefore were not deductible by petitioners in computing net income.

Here the terms and amounts of the payments were specified in a written instrument adopted and incorporated into the court decree and hence are governed, taxwise, by Section 22(k), Internal Revenue Code of 1939, 26 U.S.C., which provides:

> "(k) Alimony, etc., income. In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in discharge of * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * *. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband."

It is to be observed that the subsection quoted above does not apply to any part of periodic payments such as made herein by petitioner during 1950 "which the terms of the decree or written instrument fix, in terms of an amount of money * * * as a sum which is payable for the support of" minor children. If any part of the $3,000 paid by petitioner to his former wife in 1950 was a sum fixed to be payable for the support of the minor children, the decision of the Tax

Court as to that portion of the payments is correct. It was the Tax Court's theory that, reading the agreement as a whole, the payments of $250 per month were intended solely for the support of the minor children and hence were fixed within the purview of Section 22(k).

We cannot concur in this conclusion. Section 23(u) in substance provides that alimony paid shall be includible in the gross income of the former wife and hence deductible by the divorced husband. Only that part of such payment that the decree or instrument fixes as payable for the support of the children is excepted under Section 22(k). The term "fix" is not ambiguous. It therefore must be construed in its usual sense of "to assign precisely; * * * to make definite and settled." Webster's New International Dictionary, Second Edition.

The provisions of the separation agreement do not "assign precisely" nor "make definite" the amount or portion of the periodic payments for the benefit either of the wife or of the children. Under the agreement and decree the wife was not limited to any particular amount for her own maintenance and support and more may have been properly expended for that purpose in 1950 than for the children. In 1950 the children were of the ages of three and five, hence the provision in the decree as to the limitation or cessation of certain payments upon the death, emancipation or attainment of the age of 18 years by either, and eventually by both, of the children for the circumstances of this case is based upon contingencies, none of which have been fulfilled.

It would be futile to review the numerous Tax Court decisions relied upon by counsel for both parties. They are in general based upon settlement contracts with provisions different in detail from those presented here. The two decisions in the Courts of Appeals which bear most directly on the instant question are Budd v. Commissioner of Internal Revenue, 6 Cir., 177 F.2d 198, and Weil v. Commissioner of Internal Revenue, 2 Cir., 240 F.2d 584. In the Budd case, supra, this court held that the Tax Court ruled correctly that the entire agreement must be considered in disposing of the question. We also held that the agreement sufficiently "earmarked" the amount of $200 as payable for the support of the son, so that it was fixed in accordance with Section 22(k). The settlement agreement in the Budd case, supra, is quoted on pages 413–415, inclusive, of 7 Tax Court of the United States Reports. It contained a provision in which the husband agreed to pay the divorced wife $500 per month "for her support and/or alimony, and the support of Robert Ralph Budd * * *" [the son]. In three succeeding provisions it was agreed that upon the happening of any one of three separate contingencies the husband should pay for the maintenance and support of the son "Two Hundred ($200.00) Dollars per month." Moreover, it was agreed in a succeeding paragraph that after the son became 21 the husband would pay the former wife for her support and alimony $300 a month as long as she remained unmarried.

Clearly, as held by this court, the agreement construed in the Budd case, supra, "earmarked" $200 a month for the use of the son. In the instant case, considering the settlement contract as a whole, we find no provision which indicates that the $3,000 yearly payment is to be made for the benefit of the children alone. Weil v. Commissioner of Internal Revenue, supra, 240 F.2d 588, squarely supports this conclusion.

In light of the contract approved by the court and under the plain terms of Section 22(k) we think that to sustain the holding in the instant case would in effect rewrite the agreement of the parties. It follows that the payments for the year 1950 made by petitioner were deductible and no deficiency exists.

The decision of the Tax Court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.