**Jo EISINGER and Lorain B. Eisinger, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 15387.**

United States Court of Appeals
Ninth Circuit.

Dec. 10, 1957.

Writ of Certiorari Denied March 17, 1958.
See 78 S.Ct. 670.

**304**

---

Rosenthal & Norton, Norman D. Rose, Jerome B. Rosenthal, Beverly Hills, Cal., for petitioners.

Charles K. Rice, Asst. Atty. Gen., Nelson P. Rose, S. Dee Hanson, Lee A. Jackson, I. Henry Kutz, Melvin L. Lebow, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before LEMMON and BARNES, Circuit Judges, and YANKWICH, District Judge.

BARNES, Circuit Judge.

This is a timely appeal or petition to review from a decision of the Tax Court.

The original jurisdiction of the Tax Court (Int.Rev.Code of 1939, Section 272) [1] and of this court on review (Int. Rev.Code of 1939, Section 1141(a) and Section 1142) [2] is not in issue.

Jo and Lorain Eisinger, husband and wife, seek to deduct from their joint income tax returns for the years 1949 and 1950 the total payments made by Jo Eisinger to his former wife, Wilhelmina Eisinger, in accordance with the terms of a certain property settlement agreement, dated March 28, 1949 and amended April 28, 1949, incorporated into the terms of a decree of divorce, obtained in Florida on May 26, 1949, dissolving the marriage of Jo and Wilhelmina Eisinger. At the time of the divorce there were two children, the issue of said marriage, both minors.

Taxpayers deducted the sums of $3,-850 and $6,677, respectively, from their gross income for the two years. The Commissioner of Internal Revenue determined that of such sums, fifty per cent, or $1,925 and $3,364.50, respectively, represented payments for the support of the two minor children, and hence were not deductible.

Petitioners claimed the entire sums were periodic payments which Jo Eisinger was obligated to make pursuant to an agreement incident to a decree of divorce, as contemplated by Section 22(k) of the 1939 Internal Revenue Code, and hence properly deductible under Section 23 of said Code, 26 U.S.C.A. §§ 22(k), 23.

Internal Revenue Code, Section 22(k) reads in material part as follows:

"(when) a wife * * * is divorced * * * from her husband under a decree of divorce * * *, periodic payments * * * received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under

---

**1.** 1954 Internal Revenue Code, § 6212 (a) and § 6213(a), 26 U.S.C.A. §§ 6212 (a), 6213(a).

**2.** 1954 Internal Revenue Code, §§ 7482–3, 26 U.S.C.A. §§ 7482, 7483.

such decree or under a written instrument incident to such divorce * * * shall be includible in the gross income of such wife * * *. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband."

Section 23 provides:

"In computing net income there shall be allowed as deductions: * * * (u) * * * In the case of a husband described in Section 22(k), amounts includible under Section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. * * *"

Under the Code, only where payments made by the husband to the wife qualify for inclusion in the wife's income under Section 22(k), may the husband deduct such payments under Section 23(u). Therefore, where payments made are "payable for the support of minor children," within the meaning of Section 22(k), they may not be deducted by the husband.[3]

The Property Settlement Agreement provides that the wife should have custody of the two minor children, and states:

"4. The Husband agrees to pay to the Wife, by way of alimony, the sum of One Hundred Twenty-five Dollars ($125.00) per week, commencing upon the date of the entry of the final decree of divorce in the action presently pending between the parties in the Circuit Court of the 11th Judicial Circuit of Florida * * * and weekly thereafter, and

in consideration thereof the Wife agrees to support the aforesaid children. If the Wife shall fail to support either or both of said children, the Husband may pay the cost thereof and deduct the same from said weekly alimony. Said payments shall continue during the life of the Wife and shall cease upon her death or upon the death of the Husband. Upon the remarriage of the Wife all alimony payments to her shall cease, but in lieu thereof the Husband shall pay the sum of Thirty-one and 25/100 Dollars ($31.25) per week for the support and maintenance of each child of said marriage until such child shall attain the age of twenty-one (21) years, at which time the aforesaid payments for such child shall cease and terminate. Whether or not the Wife shall remarry, as each child shall attain the age of twenty-one (21) years, the aforesaid alimony shall be reduced by Thirty-one and 25/100 Dollars ($31.25) per week for each child thus attaining the age of twenty-one (21) years. It is the intention of the parties that when both of said children shall have attained the age of twenty-one (21) years the Husband shall pay to the Wife, alimony in the sum of Sixty-two and 50/100 Dollars ($62.50) per week during her life and until her remarriage; provided, however, that no alimony shall be paid to the said Wife if the Husband shall die or if the Wife shall have meanwhile remarried or shall have died. It is also agreed that the said payments of alimony to the Wife shall be reduced by the sum of Thirty-one and 25/100 Dollars ($31.25) per week in the event of the death of either of said children before he shall have attained

---

3. Revelant portions of Regulations to the Code of 1939 are Regulations 111, Secs. 29, 22(k)–1, which repeats the Code Section and then adds:
"If, however, the periodic payments are received by the wife for the support and maintenance of herself and of minor children of the husband without such specific designation of the portion for the support of such children, then the whole of such amounts is includible in the income of the wife as provided in Section 22(k)."

the age of twenty-one (21) years, and if both of said children shall die before attaining said age the alimony for said Wife shall be reduced by the sum of Sixty-two and 50/100 ($62.50) per week.

"6. (a) The Wife does and shall accept the provisions hereof in full satisfaction for her support and maintenance and for the support and maintenance of the minor children of the marriage. * * * "

██ Briefly stated, appellants maintain that by the agreement, "no specific designation of a sum payable for support of the minor children" was made; hence the whole sum paid can be deducted by him. The Commissioner maintained, and the Tax Court supported his decision, that construing the agreement in its entirety, "the amount for the support of the children is identifiable," and hence is sufficiently specifically designated so as to satisfy the statute and regulations which prohibit such sum identifiably designated as payable for support of children from being deductible by the husband.

Appellants rely largely on a recent decision by Judge Medina in the Second Circuit, Weil v. Commissioner, 1957, 240 F.2d 584, 587.

We agree with it, in its application of the law to the facts of that case, but do not find the legal position there taken applicable herein, nor do we agree with the generality of some of its language.

There the Tax Court held under the terms of the property settlement agreement then before it, there was "fixed" certain sums payable for the support of minor children. Judge Medina, speaking for the Court, disagreed with such an interpretation. We shall first consider what the Second Circuit said about the law applicable and then consider the similarity and differences between the agreement there and here under consideration.

The Court said:

"The key words of the statute are 'payable for.' The context of Section 22 demonstrates that the Congress used this phrase advisedly. The wife is not relieved of taxability on sums which she in fact expends for the support of minor children, but only on such sums as 'the terms of the * * * instrument fix * * * as * * * payable for' that purpose. The statute taxes to the wife sums which are available for her own use or benefit—whether or not she has undertaken to support the minor children—and does not tax to the wife sums she is required to devote exclusively to the support of the children. What vitiates the decision of the Tax Court in this case is its holding that sums may be 'payable for the support of minor children,' even though the wife may be free to use them for other purposes.

"Despite two decisions seemingly to the contrary, Henrietta S. Seltzer, 22 T.C. 203, and Dorothy Newcombe, 10 T.C.M. 152, affirmed on another point, 9 Cir., 203 F.2d 128, the Tax Court has, in a series of cases culminating in the case at bar, adopted the position that it is enough if anywhere in the instrument there is mentioned a sum thought to be appropriate for the support of minor children under some circumstances. * * *

"We hold that sums are 'payable for the support of minor children' when they are to be used for that purpose only. Accordingly, if sums are to be considered 'payable for the support of minor children,' their use must be restricted to that purpose, and the wife must have no independent beneficial interest therein. This cannot be the case if the terms of the instrument contemplate a continuance of the payments to the wife after she has ceased to support the children. The fortuitous or incidental mention of a figure in a provision meant to be inoperative, unless some more or less probable future event occurs, will not

suffice to shift the tax burden from the wife to the husband.

\*  \*  \*  \*  \*  \*

"We agree with the statement of the Commissioner in his brief that in order to sustain the determination of the Tax Court it is necessary to find in the agreement 'sufficient provisions showing an intention on the part of Charles Weil to provide for his minor children specifically, as distinct from an intention to provide for his former wife and have her in turn provide for the children.' But we are convinced that the agreement contains no such provisions. It is quite true that the agreement must be read as a whole, Mandel v. Commissioner, 7 Cir., 185 F.2d 50; Budd v. Commissioner, 6 Cir., 177 F.2d 198, and that no particular formula, such as the phraseology we have quoted from Section 22(k), is necessary. This particular instrument, however, must be construed as expressing the husband's intention to make payments to the wife and have her support the children, the very converse of what the Commissioner states is necessary to support the orders of the Tax Court in these cases." 240 F.2d 584, 587–588.

In describing the property settlement agreement in the Weil case, the court points out that from one periodic payment to be made to the wife, she was to support, maintain and educate the children and herself.

"Except in the remarriage clause, the agreement nowhere requires the wife to devote any specified amount to the support of the children, nor, unless she remarries, are the payments to her to be reduced if it become no longer necessary for her to support either or both of the children." 240 F.2d 1584, at page 588.

To the contrary the contract there interpreted specifically provided that payments to the wife should not be revised, even though one or both children died,

or became of age, or because either failed to longer live with their mother.

It is true that if the wife *remarried,* then by the terms of the Weil agreement, during each child's life before majority while living with their mother, the father agreed to pay $200 per child to the mother. This was the only contingency mentioned by reason of which any specification of amounts for child support could be ascertained. The reliance on this contingency, which might never occur, caused the Second Circuit to refer to the Tax Court's "fine tooth combing" endeavors.

In contrast, we here have an agreement in which the Commissioner properly emphasized the following facts, none of which existed in the Weil case:

(a) If the wife did not remarry, the original $125.00 per week payments were to be reduced by $31.25 as each child reached majority.

(b) "It is the intention of the parties that when both of said children shall have attained the age of 21," the husband shall pay alimony of $62.50 per week.

(c) Payments were to be reduced by $31.25 per week upon the death of either child prior to his majority.

(d) "If the wife shall fail to support either or both of said children, the husband may pay the cost thereof and deduct the same from said weekly alimony."

(e) Upon remarriage of the wife, "all alimony payments to her shall cease, but in lieu thereof the husband shall pay $31.25 for the support and maintenance of each child \* \* \* until such child shall attain the age of 21."

The husband, when he entered into this agreement, had a moral and legal duty to (a) pay his wife alimony, and (b) support his minor children. He recognized that duty, and entered into the property settlement agreement. By the language used, he arranged to pay his wife alimony, and have her support herself and the children. Can there be any doubt that in setting the various figures used therein—($125, $62.50 and $31.25)— each of the parties had in mind they

**308**

were agreeing the wife would need and have $62.50 per week, and each child $31.25? We recognize that the Internal Revenue Law uses the language "payable for," and does not concern itself with whether the children receive any precise amount of support, or any support. But these parties did concern themselves. The husband saw to it that if the wife failed to use "her" support money for the support of the children, the husband could pay to the children, or for them, and deduct such amounts from the wife's "alimony payments." This was a laudable agreement on the part of both for the benefit of their children. It establishes conclusively in our mind how the parties regarded the payments. Suppose, in full accordance with the terms of his property settlement agreement, the husband had deducted from his payments of alimony to his wife $62.50 per week, and expended that sum directly for the benefit of his children, over a period of years. Would anyone suggest his wife could recover the full $125 per week as her alimony, or that the husband would in any way be in contempt of the Florida court decree?

The general rule which we here approve is that when the settlement agreement, read as a whole, discloses that the parties have earmarked or designated or apportioned or allocated the payments to be made, *one part to be payable for alimony, and another part to be payable for the support of children,* with sufficient certainty and specificity to readily determine which is which, without reference to contingencies which may never come into being, then the "part of any periodic payment" has been fixed "by the terms of the decree or written instrument" and satisfies the statutes and regulations hereinbefore quoted. Joslyn v. C.I.R., 7 Cir., 1956, 230 F.2d 871; Mandel v. C.I.R., 7 Cir., 1950, 185 F.2d 50; Budd v. C.I.R., 6 Cir., 1947, 177 F.2d 198, affirming per curiam, 1946, 7 T.C. 413; Morsman v. Commissioner, 1956, 27 T.C. 520; U.S.Treas.Reg. 111, Section 29.23 (u)–1 (1939). We disagree with Deitsch v. Commissioner, 6 Cir., 249 F.2d 534.

Under this general rule, the trier of fact does not rely on "[T]he fortuitous or incidental mention of a figure in a provision meant to be inoperative, unless some more or less probable future event occurs, (which) will not suffice to shift the tax burden from the wife to the husband." (Weil v. Commissioner, supra.) Neither should a strained or unnatural construction be allowed to shift the tax burden from the husband to the former wife.

The decision of the Tax Court is affirmed.