JERRY LESTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67540.   Filed September 9, 1959.

*Louis Mandel, Esq.,* and *Leonard J. Lefkort, Esq.,* for the petitioner.

*John A. Dunkel, Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge:* The issue for decision is whether Jerry is entitled to a deduction under section 23(u) but the answer must be sought in section 22(k) of the Internal Revenue Code of 1939. Section 23(u), as applicable to the taxable years 1951 and 1952, provides that a husband may deduct amounts which are includible in the income of his wife under section 22(k) if paid within his taxable year. Section 22(k), as applicable to the taxable years, provides insofar as material hereto, that a wife who is divorced from her husband under a decree of divorce shall include in her gross income periodic payments received subsequent to such decree in discharge of a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce. It further provides that the subsection shall not apply "to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband."

The intention of Congress in enacting these provisions was to allow the husband to deduct alimony payments and to require the wife to report alimony payments as income. Congress did not intend to allow the husband deductions for amounts supplied by him to be expended in support of his minor children. Section 24(a)(1) ex-

pressly provides that no deduction shall be allowed in any case in respect of "[p]ersonal, living, or family expenses, except extraordinary medical expenses deductible under section 23(x)." The obligation to support his minor children is imposed upon the husband by law and cannot be escaped by him through any agreement with his wife, whether incident to divorce or otherwise. However, Congress provided that the part of any periodic payment made by a husband to the wife which would not be taxable to the wife would only be such "part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband." If it is clear from the terms of the decree or written instrument that some part of the total payments to the wife is intended to be used for the support of the children, then it seems only proper to examine the instrument as a whole in an effort to determine whether it can be fairly said that an amount of money or a portion of the payment is fixed therein as a sum which is payable for the support of the minor children.

Payments made by a husband to his divorced wife, to the extent that they are to be used to discharge his obligation to support their minor children, do not represent earnings of the wife or profit of any kind to her and are not her income in any true sense. The Tax Court, with these thoughts in mind, has felt that payments, made by the husband to the mother of his children, which are obviously intended to include both alimony for the wife and support for the minor child or children should not be regarded as entirely alimony for the purpose of section 22(k), if the terms of the agreement or decree contain a reasonable indication of how the total payment is to be divided. Such an intended division may be indicated by the amount or portion of the total payment which is to be discontinued when the obligation to support a minor terminates. The Tax Court has endeavored, in prior opinions, to interpret section 22(k) in accordance with the intention of Congress not to tax as income to the wife funds supplied by the husband to be used by the wife in fulfilling his legal obligation to support their minor children. *Robert W. Budd*, 7 T.C. 413, affd. 177 F. 2d 198 (C.A. 6) ; *Warren Leslie, Jr.*, 10 T.C. 807; *George R. Joslyn*, 23 T.C. 126, affirmed in part and reversed in part 230 F. 2d 871 (C.A. 7) ; *Mark B. Deitsch*, 26 T.C. 751, reversed on facts 249 F. 2d 534 (C.A. 6) ; *Truman W. Morsman*, 27 T.C. 520; *Russell W. Boettiger*, 31 T.C. 477; *Arthur G. B. Metcalf*, 31 T.C. 596, on appeal; *Mandel v. Commissioner*, 185 F. 2d 50 (C.A. 7), affirming a Memorandum Opinion of this Court.

Here it is clearly indicated in the agreement of the parties and in the decree that a part of the payments from this husband to this wife

was intended to be used by her for the support of their minor children. The agreement of April 16, 1951, sets forth the intention of the parties that the periodic payments to the wife are "for the maintenance and support of her and the aforesaid children of the parties, in discharge of the husband's legal obligations arising out of, or in connection with the marital and family relationship between the parties." It also states "that the welfare and best interests of the minor children of the parties hereto" are of paramount concern and interest to the parties. Ardell did not have unrestricted use of the entire amount of the payments which she received from Jerry. They were not all available for her own use and benefit. She could be held accountable through court action for failure to use a proper portion of the funds received in each year for the adequate support of the minor children. The agreement and the decree must be examined to determine whether any sum or portion of the whole was fixed therein for the support of the minor children. The Commissioner in his determination has held that one-sixth of the payments received in each year was fixed by the agreement and the decree for the support of each minor child.

Paragraph 11 of the agreement begins with these words: "The husband agrees to pay the wife for the support and maintenance of herself and the children of the parties, namely JUDY LESTER, JOAN LESTER and JAY LESTER, the following amounts * * *." Another provision of that paragraph is: "In addition to the payments above provided the husband agrees to pay for extraordinary and unusual medical and dental expenses and fees incurred with respect to any of the children of the parties so long as they are minors and are not emancipated." The agreement does not state specifically that so many dollars or a certain portion of each periodic payment was for the support and maintenance of one or more of the three minor children. However, section 11 contains this provision: "In the event that any of the children of the parties hereto shall marry, become emancipated, or die, then the payments herein specified shall on the happening of each such event be reduced in a sum equal to one-sixth of the payments which would thereafter otherwise accrue and be payable in accordance with the terms and provisions hereof." A reasonable inference may fairly be drawn from reading this instrument as a whole that at least one-sixth of each payment was intended and fixed by the parties in the agreement to be used in the discharge of Jerry's obligation to support one of his minor children during its minority. That is in accordance with the Commissioner's determination which Jerry had the burden to disprove. He did not testify. It is a fair and just result between the husband and wife, and the Court feels that it is the proper result under the law and facts of this case.

The Court of Appeals for the Second Circuit in the case of *Weil*

v. *Commissioner*, 240 F. 2d 584, reversing the Tax Court, a case strongly relied upon by the petitioner, said:

Accordingly, if sums are to be considered "payable for the support of minor children," their use must be restricted to that purpose, and the wife must have no independent beneficial interest therein. This cannot be the case if the terms of the instrument contemplate a continuance of the payments to the wife after she has ceased to support the children. * * *

Payments to the wife in that case were to continue without reduction, even though the necessity to support the children terminated, unless the wife remarried. It seems obvious from the opinion that the Court of Appeals placed considerable reliance on those provisions. The Court of Appeals for the Ninth Circuit in *Eisinger* v. *Commissioner*, 250 F. 2d 303, affirming a Tax Court Memorandum Opinion, said of the *Weil* case:

We agree with it, in its application of law to the facts of that case, but do not find the legal position there taken applicable herein, nor do we agree with the generality of some of its language.

One of the distinctions made in the *Eisinger* case between that case and the *Weil* case was "that payments to the wife should not be revised, even though one or both children died, or became of age, or because either failed to longer live with their mother," whereas in the *Eisinger* case the payments to the wife were to be reduced by a specified amount as each child reached majority or died. The same distinction exists between the present case and the *Weil* case, the present case being like the *Eisinger* case rather than like the *Weil* case. Ardell lived in California during 1951 and 1952, and, if she were contesting the inclusion of these payments in her income, the Tax Court would undoubtedly hold that one-half of the payments should not be included in her income. The Court of Appeals for the Ninth Circuit would apparently affirm. Cf. *Eisinger* v. *Commissioner*, *supra*. See also the opinion of the Court of Appeals for the Sixth Circuit in *Robert W. Budd*, *supra*. *Henrietta S. Seltzer*, 22 T.C. 203, is also distinguishable since there the record does not show that the payments may not continue to the wife after the obligation to support minor children terminates. The entire payments which Jerry was making to Ardell were not to be continued uninterrupted in case support of the minor children became no longer necessary, but, on the contrary, were to be reduced by one-sixth for each child. Each case must be decided on its own facts and, on the facts here presented, it is not clear that the Court of Appeals for the Second Circuit, to which this case would probably go on appeal, might not decide, as we do, to sustain the determination of the Commissioner.

*Decision will be entered for the Commissioner.*