William F. ASHE and Kathleen L. Ashe, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 14171.

United States Court of Appeals Sixth Circuit.

March 29, 1961.

David A. Johnston, Jr., Columbus, Ohio, for petitioners, George, Greek, King & McMahon, Columbus, Ohio, on the brief.

Sharon L. King, Washington, D. C., for respondent, Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Claron C. Spencer, Attys., Dept. of Justice, Washington, D. C., on the brief.

Before McALLISTER, Chief Judge, MARTIN and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The taxpayer, William F. Ashe, and his former wife, Rosemary Ashe, were divorced on December 18, 1945, by a decree of the Court of Common Pleas, Cuyahoga County, Ohio. There were three children born of the marriage, one on April 11, 1941, one on August 27, 1942, and one on December 25, 1943. The decree incorporated a written agreement between the parties by which the taxpayer agreed to pay the wife the sum of $250.00 per month for the support and maintenance of the minor children. The agreement also provided that the payment of $250.00 per month be reduced one-third as each child became twenty-

one years of age or gainfully employed and self-supporting.

A controversy arose as to whether the payments made by the taxpayer in 1953 and 1954 pursuant to the divorce decree should be treated for income tax purposes, under Sections 22(k) and 23(u), Internal Revenue Code of 1939, 26 U.S. C.A. §§ 22(k), 23(u), and Sections 71(a) (1) and (b) and 215, Internal Revenue Code of 1954, 26 U.S.C.A. §§ 71(a) (1), (b), 215, as alimony or child support.

These sections of the Codes provide in substance that a divorced wife's gross income includes periodic payments received in discharge of a legal obligation, which, because of the marital or family relationship, is incurred by the husband under the decree of divorce or under a written instrument incident to such divorce, provided, however, that the provision "shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband." Section 71(b), Internal Revenue Code of 1954. The amounts so included in the gross income of the divorced wife are allowed as a deduction in the income tax return of the husband.

For the stated purpose of clarifying the matter, the parties requested the Court to make a journal entry *nunc pro tunc* in the divorce proceedings, which entry was made on February 2, 1949. The *nunc pro tunc* journal entry provided that the husband pay the wife "as alimony" the sum of $250.00 per month, which sum would be diminished by one-third as each child reached 21 years of age or prior thereto if said child became gainfully employed and self-supporting prior to said date, with "the husband to be relieved of all payments to the wife in any event as hereinabove provided on December 25, 1964." December 25, 1964, is the youngest child's twenty-first birthday. For a more detailed statement of the two agreements incorporated in the original decree and in the *nunc pro tunc* decree, see opinion of the Tax Court, re-ported at Ashe v. Commissioner, 33 T.C. 331.

The taxpayer made the monthly payments of $250.00 for each of the years 1953 and 1954 and in his income tax returns for those years deducted the amounts in full as alimony. The Commissioner disallowed the claimed deductions on the basis that the payments were for the support of taxpayer's three minor children and, therefore, were not deductible under the provisions of Sections 23 (u) and 215 of the Internal Revenue Codes of 1939 and 1954, respectively. The Tax Court sustained the Commissioner, relying chiefly upon Eisinger v. Commissioner, 9 Cir., 250 F.2d 303, certiorari denied 356 U.S. 913, 78 S.Ct. 670, 2 L.Ed.2d 586.

On this review the taxpayer relies upon Weil v. Commissioner, 2 Cir., 240 F. 2d 584, certiorari denied 353 U.S. 958, 77 S.Ct. 864, 1 L.Ed.2d 909, reversing 23 T.C. 630, and modifying 22 T.C. 612, and Deitsch v. Commissioner, 249 F.2d 534, decided by this Court and reversing 26 T.C. 751. In each of these cases, involving somewhat similar agreements and the same issue as is here involved, the respective Courts of Appeals ruled in favor of the taxpayer and against the Commissioner. The First Circuit has recently followed the ruling in the Eisinger case. Metcalf v. Commissioner, 1 Cir., 271 F.2d 288.

The Court in Eisinger v. Commissioner, supra, 9 Cir., 250 F.2d 303, made factual distinctions between the case before it and the factual situation before the Court in Weil v. Commissioner, supra, 240 F.2d 584, which caused it to reach its different ruling. With respect to Deitsch v. Commissioner, supra, 6 Cir., 249 F.2d 534, the opinion merely stated that it disagreed with the ruling in that case, without stating whether it was on factual grounds or legal grounds.

The factual picture in the Eisinger case was a strong one in favor of the Commissioner and we are not inclined to disagree with the ruling based on the facts before the Court, or with the Court's conclusion that the particular

facts in that case warranted a different conclusion from the one reached by the Court in the Weil case. Basically, we do not consider that the two cases are in conflict in their construction of the statute involved. The Eisinger case expressly recognizes the basic rule to be that if the parties by their written agreement have earmarked, designated or allocated the payments to be made, one part to be payable for alimony, and another part to be payable for the support of the children, with sufficient certainty to readily determine which is which, without reference to contingencies which may never come into being, then the part for the support of the children has been fixed by the terms of the instrument, as required by the statute, and cannot be treated by the husband as a payment of alimony to the wife and taken as an income tax deduction. 250 F.2d at page 308. It, of course, follows that if no such definite designation or allocation has been made, the periodic payment can be taken by the husband as an income tax deduction. In Weil, the Court held the payments were not so earmarked and allocated. In Eisinger, the Court held that they were so earmarked and allocated.

We think that the difference in the ruling in the Eisinger case and the ruling in the Deitsch case can likewise be explained by the difference in the respective factual situations. Metcalf v. Commissioner, supra, 1 Cir., 271 F.2d 288, 291. If there is a difference in the legal principles applied by the two cases, we should, under the rule of *stare decisis*, follow our ruling in the Deitsch case. Cold Metal Process Company et al. v. E. W. Bliss Company, 6 Cir., 285 F.2d 231; New York Life Insurance Co. v. Ross, 6 Cir., 30 F.2d 80, 83, certiorari denied 279 U.S. 852, 49 S.Ct. 348, 73 L.Ed. 995.

In the Deitsch case we approved and followed the ruling in the Weil case. A consideration of the legal principles announced by the opinion in the Weil case is accordingly appropriate.

In the Weil case [240 F.2d 588] it was stated that the wife is not relieved of taxability on the sum which she, in fact, expends for the support of minor children, but only on such sums as the decree or written instrument "fix" as payable for that purpose. It is not a question of how much the wife receives from the husband, but a question of how much of what she receives she is *required* by the decree to allocate for the support of the minor children. As pointed out in the Weil opinion, it is necessary that a fixed amount be "payable" by the terms of the decree "for the support of minor children," in which fixed amount the wife has no interest, in that she is required to use it exclusively for the support of the minor children. The Court said, "We hold that sums are 'payable for the support of minor children' when they are to be used for that purpose only. Accordingly, if sums are to be considered 'payable for the support of minor children' their use must be restricted to that purpose, and the wife must have no independent beneficial interest therein."

We think the ruling in the Weil case clearly is that in order to deny the income tax deduction to the husband, the statute requires that the amount for the support of the children must be definitely fixed by the decree, and that the wife have no beneficial interest therein, and that unless the decree so provides, the payments are taxable to the divorced wife and are deductible by the husband.

In Deitsch v. Commissioner, supra, 249 F.2d 534, we approved and followed such construction of the statute. Since the rulings in Eisinger v. Commissioner, supra, 9 Cir., 250 F.2d 303, and Metcalf v. Commissioner, supra, 1 Cir., 271 F.2d 288, the Court of Appeals for the Second Circuit has again carefully considered the question and has restated and adhered to its previous ruling in the Weil case. Lester v. Commissioner, 279 F.2d 354. See also: Hirshon's Estate v. Commissioner, 2 Cir., 250 F.2d 497.

In Eisinger, in Metcalf, and in the present case, major emphasis is placed upon the fact that the amount received by the wife was to be reduced by a definite amount as each child reached a cer-

tain age, from which the conclusion was reached that the amount of such reduction was the amount allocated for the support of such child. But, as pointed out in Lester v. Commissioner, supra, 2 Cir., 279 F.2d 354, this merely affects the amount to be *received* by the wife. It does not in any way add to the obligation on the part of the wife as to how the amount received is to be spent by her. It is a natural provision that as the family unit becomes smaller, the amount to be received by the wife for the support of the remaining members of the family unit be likewise reduced. How the reduced amount is to be spent is still the crucial question. That is controlled by the other provisions in the decree, which are not changed in any way by the reduction in the amount received.

Accordingly, under the rulings in Weil and Lester from the Second Circuit, and our ruling in Deitsch, it is necessary in the present case to determine from the written agreement as a whole, what are the rights of the children in the payments received by the wife, and what, if any, interest the wife has for herself in said payments. If the children do not have an exclusive interest, or to state it differently, if the wife has discretion with respect to how much she will use for the children and how much she will use for herself, the periodic payment is not a *fixed* amount payable for the support of the minor children.

 The original decree provided that the monthly payment of $250.00 was to be paid to the wife "to be used for the support and maintenance of the said minor children." Under the amended decree, entered *nunc pro tunc*, this wording was changed so as to provide that "the husband is to pay the wife, *as alimony*, the sum of $250.00 per month," with successive reductions of one-third as each child became twenty-one or self-supporting prior thereto. (Emphasis added.) The wife was to have the control and care of the minor children. We agree with the Commissioner that it was clearly the intention of the parties that the wife was to use out of the monthly payment what was necessary for the support and maintenance of the minor children. But no definite amount was fixed by the amended decree. If the payment was in fact "alimony" as stated in the amended decree, with no fixed amount payable for the support of the children, it was a proper income tax deduction for the husband.

However, the Commissioner contends, and the Tax Court so held, that the description of the payments by the parties as "alimony" in the amended decree was merely a label adopted by the parties for the purpose of tax avoidance, did not change the essential nature of the payments being made by the husband and was not controlling. Gregory v. Helvering, 293 U.S. 465, 469, 55 S.Ct. 266, 79 L. Ed. 596; Commissioner of Internal Revenue v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981.

So treating the proceedings, we look back to the original decree. As stated above, it provides in one paragraph that the payment is to be used for the support and maintenance of the minor children. But, in the following paragraph, it further provides that in the event the sum of $250.00 "shall not be required for the support and maintenance of said minor children, the wife is at liberty to do with any balance remaining as she deems just, proper and fit." The preamble of the agreement states that the parties were "desirous of amicably adjusting *all matters* pertaining to support and maintenance, *as well as* the care, custody and control of the minor children of the parties hereto." (Emphasis added.) The agreement also provided that the wife would not attempt to use the credit of the husband for any purpose or in any sum whatsoever, and that the payment for the support and maintenance of the children "shall constitute a complete and full release of any and all liability on the part of the Husband as and *for support and maintenance of the Wife* and/or the minor children of the parties hereto." (Emphasis added.)

We think it is clear from the sum total of the provisions above referred to that

the wife had an interest in the monthly payments made to her, and that there was no obligation on her part that the entire payment, or any fixed or designated portion thereof, was to be used exclusively for the support and maintenance of the minor children.

Under our ruling in Deitsch v. Commissioner, supra, 6 Cir., 249 F.2d 534, the monthly payments were proper income tax deductions for the husband for the years 1953 and 1954.

The decision of the Tax Court is reversed and the case remanded to the Tax Court for further proceedings consistent with the views expressed herein.