L. B. MAYTAG, Jr. and Marguita M. Maytag, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 8685.

United States Court of Appeals
Tenth Circuit.

Dec. 30, 1966.

Claude M. Maer, Jr., Denver, Colo., for petitioners.

Martin T. Goldblum, Washington, D. C., for respondent.

Before BREITENSTEIN and AL-DRICH,* Circuit Judges, and KERR, District Judge.

PER CURIAM.

The sole question raised by this petition to review a decision of the Tax Court, L. B. Maytag, Jr., 1965, 24 CCH Tax Ct.Mem. 1746, is whether that court was correct in its interpretation of Commissioner of Internal Revenue v. Lester, 1961, 366 U.S. 299, 81 S.Ct. 1343, 6 L.Ed. 2d 306. In Lester, the Court held that a divorced husband's right to deduct from his gross income alimony payments made to his former wife pursuant to a written instrument incident to the divorce, except payments "which the terms of the * * * written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband",[1] was to be broad-ly construed, and that, for the exception to apply, the instrument "must specifically state the amounts or parts thereof allocable to the support of the children." 366 U.S. at 301, 81 S.Ct. at 1345. A "sufficiently clear purpose" based upon "inference" is not enough. Id. at 305–306, 81 S.Ct. 1343.

In the case at bar the husband, the petitioning taxpayer, created a trust to pay to his divorced wife for life an annual income of $3,800. It was further provided that until her remarriage the balance of the income should be paid to her for the support of herself and the children of the parties. Upon remarriage the said balance was to be paid (or accumulated) as the trustee in its "unrestricted discretion shall deem advisable, for the benefit of the children."

Prior to the tax years here in question, 1960 and 1961, the wife remarried. The divorce decree having given her the custody of the children, who were still minors, the trustee paid the income of the trust, in excess of the $3,800, to the wife. The Commissioner took the position that this excess was fixed by the instrument as payable for the support of the children and the Tax Court agreed.

██ We do not see how the court could have done otherwise. We need not articulate our consideration of some of petitioner's arguments. It is immaterial that the terms of the instrument did not "fix" the amount of the payments after remarriage. Under the specific, and explicit, terms of the instrument all the payments in excess of $3,800 made in the years in question were solely for the benefit of the children. It is of no consequence if the wife, in violation of her duty towards her children, may conceivably have applied these payments to her own use. There is no evidence that she did, but, in any event, under the statute it is the terms of the instrument which determine taxability. Commissioner of Internal Revenue v. Lester, su-

---

* By designation.

[1]. 1939 I.R.C. § 22(k). In the case at bar we are dealing with the 1954 Code, § 71 (b), the pertinent language of which is substantially the same.

pra; Metcalf v. Commissioner of Internal Revenue, 1 Cir., 1965, 343 F.2d 66; Weil v. Commissioner of Internal Revenue, 2 Cir., 1957, 240 F.2d 584, cert. den. 353 U.S. 958, 77 S.Ct. 864, 1 L.Ed.2d 909. Under the instrument the payments to the wife were not for her support, and were for the benefit of the children. This was not inference, but undisputable fact.

Affirmed.