Ferdinand Lee Haber v. Commissioner. Gertrude Haber v. Commissioner.
Haber v. Commissioner
Docket Nos. 78700, 82503.
United States Tax Court
T.C. Memo 1960-84; 1960 Tax Ct. Memo LEXIS 205; 19 T.C.M. (CCH) 446; T.C.M. (RIA) 60084; May 4, 1960
John F. Miller, Jr., Esq., for petitioner Ferdinand Lee Haber. Samuel E. Kezsbom, Esq., for petitioner Gertrude Haber. Joseph N. Ingolia, Esq., for respondent. KERN Memorandum Findings of Fact and Opinion In Docket No. 78700 the respondent determined deficiencies in Federal income taxes against Ferdinand Lee Haber for the years 1954, 1955, and 1956 in the respective amounts of $157.52, $154.96, and $178.80. In Docket No. 82503 the respondent determined deficiencies in Federal income taxes against Gertrude Haber for the years 1954, 1955, and 1956 in the respective amounts of $235.10, $246.70, and $256.92. The two cases have *206 been consolidated for hearing and opinion. In the first case the question is whether the petitioner Ferdinand may deduct as alimony the full amount of payments made by him to the petitioner in the second case, his divorced wife Gertrude, or whether parts thereof represent not alimony payments but payments made by him for the support of a minor child. The question in the second case is whether the full amounts of such payments are includible in Gertrude's taxable income. In order to protect the revenue, the respondent has taken inconsistent positions in the two cases. Findings of Fact The parties have filed herein stipulations of facts. We find the facts to be as stipulated and incorporate herein by this reference the stipulations and the exhibits attached thereto. Ferdinand and Gertrude were married in 1938 and have one child named Judith Ann Haber who was born in 1945. In 1949 Ferdinand and Gertrude entered into a voluntary separation agreement, the pertinent parts whereof are as follows: "FIRST: The parties shall live separate and apart, each to be free from interference, authority, restraint and control by the other, directly or indirectly, and each of the parties further *207 agrees that he or she will not molest the other, or seek to compel the other party to cohabit with him or her. "SECOND: The party of the first part shall have the custody of the aforementioned child, JUDITH ANN HABER, during her minority subject to the following conditions: "(a) Neither party shall or will do anything in any form or manner to prejudice the relationship between the aforementioned child and her respective parents. "(b) The party of the second part shall have the right to visit the said child one day a week upon giving not less than three (3) days prior notice of the date and hour when he intends to visit the child. "(c) After the said child shall reach the age of six (6) years, the party of the second part shall have the right, in addition to the foregoing, to have the child in his sole and exclusive custody for one weekend in each month, upon giving to the party of the first part at least three (3) days prior notice, and also to have the child in his sole and exclusive custody for a continuous period of not more than three (3) weeks a year during the months of July, August and September in each year, upon giving at least one month's prior notice to the party *208 of the first part. The said party of the first part shall also have the right, during such months of July, August and September in each year, and upon similar notice, to have the child in her sole and exclusive custody for a continuous period of not more than three (3) weeks and during such time the right of the party of the second part to visit the child shall be suspended, excepting only if the child should become ill during such period. "(d) If said child shall become ill, and such illness shall require the attention of a physician or surgeon, the party of the first part shall immediately notify the party of the second part thereof by telegram or telephone. The party of the second part shall be consulted with respect to the physician or surgeon who shall attend the child in the event of any serious illness, and in such event shall have the right to approve all necessary arrangements. So long as any such illness of the child shall continue, the party of the second part shall have the right to visit said child on any day and at any reasonable hour. "THIRD: The party of the second part will pay to the party of the first part the sum of Fifty ( $50) Dollars a week for the maintenance *209 and support of herself and of said child so long as said child shall be a minor; and the sum of Thirty ($30) Dollars a week for the maintenance of the party of the first part only after the said child shall attain her majority. However, in the event the parties hereto shall be divorced and the party of the first part shall remarry, the party of the second part will, from the date of such remarriage, and in lieu of the foregoing, pay to her only the sum of Twenty ( $20) Dollars a week for the maintenance and support of the said child during her minority. If the income of the party of the second part shall increase over and above the sum of One hundred ( $100) Dollars per week, which the party of the second part is now earning, he agrees to pay to the party of the first part, but only during the minority of such child, an amount equal to five (5%) per cent of his income in excess of said One hundred ( $100) Dollars, for the maintenance of said child. The payments provided for in this article 'THIRD' shall not be deemed to include any extraordinary medical, dental or hospital bills of the said child. "FOURTH: The party of the second part has two term life insurance policies in the aggregate *210 face amount of $5,000, with Williamsburgh Savings Bank, in which the named beneficiary is now the party of the first part. The party of the second part agrees to instruct the insurance company to change the beneficiary to read 'Judith Ann Haber, if living' and not to make any further change in beneficiary during the life of said Judith Ann Haber. The party of the second part further agrees to renew the said policies and to pay any and all premiums thereon. He also agrees that he will notify the insurer to send premium notices to the party of the first part and in the event that he shall omit to pay any premium, the party of the first part shall have the right to pay it and to be reimbursed therefor by the party of the second part. * * *
"SIXTH: It is further agreed by and between the parties hereto that if the parties hereto shall at any time become reconciled, this agreement and their respective obligations hereunder shall from that time cease and terminate. The parties further covenant and consent that in the event a temporary or final judgment or decree shall be rendered in any action or proceeding between the parties hereto, such judgment or decree shall contain no provisions *211 for alimony or support except as provided for herein, and no provision of such judgment or decree shall in any respect over-ride the provisions of this agreement, it being the intention of the parties that this agreement shall continue in full force and effect whether or not any decree of separation or divorce is at any time obtained by either of the parties hereto. "SEVENTH: In addition to the foregoing, the party of the second part will pay to the party of the first part the sum of Twenty-seven dollars and fifty cents ($27.50) on the first day of each month until the party of the first part shall find a satisfactory apartment at a rental of less than $77.50 per month, provided, however, that in no event shall the party of the second part be required to make such payments longer than one year after the date of this agreement. "EIGHTH: The household furniture and furnishings now in the apartment of the party of the first part shall belong to her. "NINTH: This agreement shall not be modified or annulled by the parties hereto except by written instrument, signed, sealed and acknowledged in the same manner as this agreement has been executed. "TENTH: This agreement shall not be *212 deemed breached, broken or violated in the event that the husband or wife shall hereafter start any action, suit or proceeding in any court of New York State or of any state of the United States, for a divorce or separation, and in any such action, suit or proceeding a decree may be entered for the support and maintenance of the wife upon all of the terms and conditions herein contained, and this agreement shall, in that event, be incorporated in any decree or judgment rendered by such court or tribunal." On November 22, 1949, Gertrude was granted an absolute divorce from Ferdinand in the State of Nevada. The voluntary separation agreement quoted partially above was incorporated in and made a part of the divorce decree. In accordance with the terms of the separation agreement Ferdinand made payments to Gertrude during the years 1954, 1955, and 1956 in the respective amounts of $2,741, $2,756, and $2,756, and claimed the total amounts paid as alimony deductions. Of these amounts Gertrude reported $1,560 as alimony income received by her in each of the taxable years. Opinion KERN, Judge: Section 215 of the Internal Revenue Code of 1954 provides that a *213 husband may take as a deduction from his gross income payments made to a former wife which are includible in her gross income pursuant to section 71. The latter section excludes from the wife's gross income any parts of the payments made to her under the terms of the divorce decree or separation agreement which are fixed thereby as sums payable for the support of the husband's minor child or children. The question of whether such an amount had been so fixed is a question of fact to be resolved upon an interpretation of the individual decree or instrument involved considered as a whole. See Warren Leslie, Jr., 10 T.C. 807; Arthur G. B. Metcalf, 31 T.C. 596, 604, affd. 271 F. 2d 288 (C.A. 1, 1959). Ferdinand argues that the amount payable for the support of the minor child was not so fixed by the separation agreement as to be excludable from the wife's income under section 71. He relies upon the case of Weil v. Commissioner, 240 F. 2d 584, and stresses heavily in his argument the fact that no specific provision was made in the separation agreement which would reduce the weekly payments to the wife if and when the minor child should *214 die during her minority. Gertrude argues that provisions of the separation agreement designate the part of the wekely payments payable for the support of the minor child with sufficient certainty and specificity as to warrant the conclusion that the amount payable for such support was fixed by the agreement within the intendment of section 71. She relies upon Eisinger v. Commissioner, 250 F. 2d 303, and other cases. After a careful consideration of the entire record and particularly of the third paragraph of the separation agreement it is our conclusion that the fair intent of the agreement was to fix $20 (plus 5 per cent of Ferdinand's income per week over and above the $100 he was then earning) of the weekly payments as payable for the support of the minor child. See Jerry Lester, 32 T.C. 1156; William F. Ashe, 33 T.C. 331 (Nov. 27, 1959). We are not impressed by Ferdinand's argument that a failure in the agreement to specify that any part of the payments required to be made should cease upon the death of the child prevents us from determining that the amount of payments for the support of the child was fixed by the agreement. Such a specific *215 provision was also absent from the separation agreement considered by us in William F. Ashe, supra, but we nevertheless concluded in that case that the amount of the payments for the support of children was fixed by the agreement. Our construction of the third paragraph of the agreement would be that its "fair intent" (see Metcalf v. Commissioner, supra) was that so long as the child lived and was a minor the amounts payable to the mother in excess of $30 a week were payable for the child's support. The phrase "so long as said child shall be a minor" carries with it by implication the condition that the child be in existence. In Docket No. 78700 decision will be entered for respondent. In Docket No. 82503 decision will be entered for petitioner.