Lindley S. Bettison and Elizabeth B. Bettison, his wife v. Commissioner.
Bettison v. Commissioner
Docket No. 80675.
United States Tax Court
T.C. Memo 1961-168; 1961 Tax Ct. Memo LEXIS 182; 20 T.C.M. (CCH) 866; T.C.M. (RIA) 61168; June 9, 1961
*182 Held, payments made by petitioner during the taxable year 1956 to his wife by a former marriage represent alimony payments deductible under section 215, I.R.C. of 1954. Commissioner v. Lester, 366 U.S. 299 (May 22, 1961) followed. Douglas D. Royal, Esq., Wayne Title and Trust Bldg., Wayne, Pa., for the petitioners. Joseph S. Mangano, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioners' income tax of $613.10 for the year 1956. The sole question for decision is whether payments made pursuant to an agreement by *183 Lindley S. Bettison during the taxable year 1956 to his wife by a former marriage represent alimony, deductible under section 215 of the Internal Revenue Code of 1954, or are child support payments and not deductible. The facts have been stipulated. They are found accordingly. Petitioners Lindley S. and Elizabeth B. Bettison are husband and wife and reside in Rosemont, Pennsylvania. They filed a joint income tax return for the year 1956 with the district director of internal revenue at Philadelphia, Pennsylvania. Elizabeth B. Bettison is a petitioner here only by virtue of having joined in filing a joint return. Lindley S. Bettison will hereafter be referred to as petitioner. Petitioner married Wilmetta C. Bettison in Ohio in 1944. One child, Linda E. Bettison, was born of their marriage. In December 1949 a divorce action was instituted in a Pennsylvania court by Wilmetta against petitioner and a decree granting her a divorce was entered in February 1950. In contemplation of the divorce, on December 1, 1949, petitioner and Wilmetta entered into an agreement which recited, in part: WHEREAS, * * * a divorce proceeding is contemplated, and WHEREAS, *184 it is the desire of the parties to enter into an agreement under the terms of which the husband, in recognition of his general obligation to support his wife, may discharge the legal obligation which arises out of the family and marital relationship * * *
* * * the parties do hereby mutually covenant and agree with each other, as follows: * * *
4. In lieu of all right of dower which she may have in his estate, the husband hereby agrees to pay to the wife the sum of One Thousand Dollars ($1,000.00) at the time of the execution hereof * * * and in addition thereto, the husband shall deposit in escrow * * * the sum of Fourteen Thousand Dollars ($14,000.00) under an escrow agreement under the terms of which the bank shall pay said sum unto the wife upon the presentation to it within six (6) months of the date hereof of a certified copy of a final decree in divorce between the parties hereto * * * 5. In addition to the payments mentioned in the preceding paragraph, the husband shall pay to the wife the sum of Three Hundred Dollars ($300.00) per month for her support and maintenance, and which she may use in maintaining a a home for * * * the minor child of the parties, payable *185 monthly, the first of which monthly payments has already been made, the receipt whereof is hereby acknowledged, the second of which shall become due on January 1st, 1950, and subsequent payments monthly thereafter. 6. In addition to the above mentioned payments, the husband shall also pay, or, upon production of receipted bills by the wife, shall reimburse her for, all dental, orthodontic, medical and hospital expenses incurred by the wife on behalf of the said minor child of the parties, whenever the expenses resulting from any one illness, accident, or abnormal physical or mental condition shall exceed the sum of Fifty Dollars ($50.00) within any given period of three (3) months. In the event that the illness, accident, or abnormal physical or mental condition meets this qualification, the husband shall pay the full amount of the expenses thereof and not merely the excess of such expenses above the sum of Fifty Dollars ($50.00). 7. The payments mentioned in Paragraphs 5 and 6 hereof shall continue so long as the wife has the custody of and supports the said minor child in a manner consistent with her income, and until the child attains the age of eighteen (18) years or until *186 her death, whichever shall be first to occur. * * * If, after the child attains the age of eighteen (18) years, she shall be attending an accredited college or university, the husband shall either pay all college or university expenses, including tuition, supplies, and board and lodging, until the expiration of four (4) years from the time said child is first eligible for college or university, or shall continue the payments mentioned in Paragraphs 5 and 6 hereof until the expiration of such period, whichever the wife shall elect. Provided, however, that after the child attains the age of eighteen (18) years such payments shall only continue while the child is attending a college or university, and that if the child shall be dismissed from more than one college or university because of academic deficiency, misconduct, or any other cause, or, having entered a college or university, shall for any reason fail to attend the same for a period of six (6) months, for any cause other than the child's illness or physical incapacity, the husband's liability hereunder shall cease. 8. Anything herein or at law to the contrary notwithstanding, in the event that the wife should remarry, the payments *187 mentioned in Paragraph 5, as extended by Paragraph 7 hereof, shall be decreased to the sum of Two Hundred Dollars ($200.00) per month. 9. This agreement is made in lieu of a possible court order and for the purpose of providing support for the wife, not only prior to the entry of a final decree in divorce, but, in view of the wife's right to institute a divorce proceeding in her native State of Ohio, or in some other state in which permanent alimony is incident to a divorce decree, it is intended to provide for the support of the wife thereafter. Thus, the wife agrees * * *
(b) that for any year during any portion of which the marital relationship shall not be in existence between the parties, she will, if requested so to do by the husband, file a separate individual federal income tax return in which all payments received by her from the husband under Paragraphs 5, 6, and 7 hereof are included in her taxable income and are disclosed as having been received from him, and that she will pay such federal income tax thereon as may be due, any provision of law to the contrary notwithstanding. * * *
16. In the event that the wife should institute, or cause or permit to be *188 instituted, any action for the purpose of obtaining support for herself, or for the said [child], the husband's obligation to make further payments hereunder shall immediately cease and determine, unless he shall then be in excess of six (6) months in arrears hereunder. * * * After entering into the agreement above, petitioner made monthly payments of $300 to his former wife until she remarried in June of 1951. After her remarriage he reduced the monthly payments to $200 in accord with the provisions of the agreement. Petitioner made installment payments totaling $2,400 under the agreement to his former wife during the year 1956. He deducted this amount on his (joint) tax return for that year and there described them as "Alimony payments under decree of court." Respondent disallowed this deduction in the deficiency notice. Petitioner argues that the amounts paid in 1956 were alimony and deductible under section 215 of the Internal Revenue Code of 1954 because the agreement does not earmark them for support of the child and places no restriction on the manner in which his former wife may expend them. After the briefs were filed in this case, the Supreme *189 Court decided Commissioner v. Lester, 366 U.S. 299 (May 22, 1961), affirming 279 F. 2d 354, which reversed 32 T.C. 1156. The Supreme Court granted the Commissioner's petition for certiorari (364 U.S. 890) in Lester to resolve a conflict between the Second Circuit's Lester opinion, above, on one hand and Eisinger v. Commissioner 250 F. 2d 303 (CA-9) [1] and Metcalf v. Commissioner, 271 F. 2d 288 (CA-1) [2] on the other. On brief respondent argues that Eisinger and Metcalf are controlling of this case and that the circuit court opinion in Lester is wrong. Petitioner argues that the separation agreement in Lester is indistinguishable in any pertinent respects from the one here. We agree. In the Lester opinion the Supreme Court stated, in part: We have concluded that the Congress intended that, to come within the exception portion of § 22(k), [3] the agreement providing for the periodic payments must specifically state the amounts or parts thereof allocable to the support of the children. * * * [Footnote added. *190 ] No specific statement of an amount payable for the support of petitioner's child appears in the agreement in this case. Although the agreement lends itself to the inference that the amounts paid after remarriage were for the support of the child, Justice Douglas' concurring opinion in Lester points out that such an inference is not enough. We therefore hold that petitioner is entitled to deduct $2,400 in 1956 as alimony payments under section 215 of the Internal Revenue Code of 1954. It appears that as a result of our holding above, an adjustment may *191 be necessary for medical expenses on petitioner's 1956 return. Therefore, Decision will be entered under Rule 50. Footnotes
1. Affirming a Memorandum Opinion of this Court. ↩
2. Affirming 31 T.C. 596↩.
3. Section 22(k) of the Internal Revenue Code of 1939 is the substantial equivalent of section 71 of the Internal Revenue Code of 1954. Section 215 of the Internal Revenue Code of 1954 provides that a husband may take as a deduction from his gross income payments made to a former wife which are includible in her gross income pursuant to section 71↩. The latter section excludes from the wife's gross income any part of the payments "which the terms of the * * * agreement fix, * * * as a sum which is payable for the support of minor children of the husband."