Jean Cooper v. Commissioner.
Cooper v. Commissioner
Docket No. 6161-65.
United States Tax Court
T.C. Memo 1967-260; 1967 Tax Ct. Memo LEXIS 1; 26 T.C.M. (CCH) 1342; T.C.M. (RIA) 67260; December 29, 1967
Jean Cooper, pro se, 111 S. Hercules St., Clearwater, Fla. Vernon J. Owens, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioner's 1962 income tax in the amount of $514.99. The sole question to be decided is whether payments received by petitioner in 1962 pursuant to a written agreement are includable in her taxable income as alimony under section 71(a) of the Internal Revenue Code of 1954, or *2 are excludable, in whole or in part, as child support payments under section 71(b) of the Internal Revenue Code of 1954. Some of the facts have been stipulated and they are found accordingly. Petitioner lived in Clearwater, Florida, at the time her petition was filed and she had filed her 1962 tax return with the district director of internal revenue at Jacksonville, Florida. Petitioner was divorced from her husband, Earl P. Cooper, on March 27, 1959. The final decree of divorce gave her custody of their three children, Earl, Claire, and Robert, whose ages at the time of the decree were 15 years, 12 years and 11 years, respectively. The decree incorporated the terms of an agreement which petitioner and her husband executed on November 25, 1958, which provided in pertinent part that petitioner's husband would pay her - as and for her support and for the support, care, maintenance, and education of the aforesaid children, the sum of Three Hundred and Fifty ($350.00) Dollars per month as long as there are three (3) children living with her under the age of eighteen (18); Three Hundred ($300.00) Dollars per month as long as there are two (2) children living *3 with her under the age of eighteen (18), and Two Hundred ($200.00) Dollars per month as long as there is one child living with her under the age of eighteen (18). Thereafter, the payments shall be Seventy-five ($75.00) Dollars per month until ROBERT S. COOPER is self-supporting. The term, "Self-supporting", as used herein in the case of ROBERT S. COOPER is intended to mean the capacity to earn a sum of money sufficient to support himself in moderate and reasonable circumstances in the manner to which he has been accustomed during the existence of this agreement. * * * During 1962, Earl Cooper paid petitioner $3,000 under this agreement. On the income tax return she filed for that year petitioner did not report any part of this $3,000. Respondent determined that this $3,000 was alimony and added it to petitioner's income for 1962. We can well sympathize with petitioner's argument that at least part of the payments under this agreement appear to be child support since the total monthly payment is to diminish as the children reach 18 years of age and provision is made that the payments shall cease when the youngest child becomes self-supporting. Nevertheless, the agreement does state *4 that the payments are "for her support and for the support, care, maintenance, and education of the aforesaid children * * *." Therefore, some portion - albeit an undetermined amount - of these payments was for petitioner's support. Under these circumstances, we must hold for respondent. The general rule of section 71(a) of the Internal Revenue Code of 1954, providing for the inclusion of the entire amount of such periodic payments in the wife's income, must apply here since no portion of these payments was "fixed" as child support as is required for the exception of section 71(b) of the Internal Revenue Code of 1954 to apply. [1]
*5 On facts strikingly similar to these, the Supreme Court concluded in Commissioner v. Lester, 366 U.S. 299 (1961), affirming 279 F. 2d 354 (C.A. 2, 1960), which reversed 32 T.C. 1156 (1959), that the agreement did not sufficiently "fix" or "specifically designate" what portion of the payments was to be child support. Moreover, Justice Douglas pointed out in his concurring opinion that it is not enough that the amount payable to children can be computed by inference from reductions to take effect on certain contingencies such as marriage of the wife or emancipation of a child. There were several reasons suggested by the majority for the decision in the Lester case - viz: consistency in application of the tax laws; a wife receiving money under such an agreement is free to spend it as she sees fit and with this power to dispose has effective ownership of the amounts received and therefore should be taxed; a husband paying alimony and support will not as likely have funds available with which to pay the tax as the wife who receives the alimony and support; and a wife is usually in a lower income tax bracket and will therefore be paying a lower *6 tax on the amount. However, the core of this decision is the Supreme Court's literal interpretation of the statute. Justice Clark, speaking for the majority, said at page 303: The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement [2] is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress. See also Eleanor C. Shomaker, 38 T.C. 192 (1962); and United States v. Larson, 324 F. 2d 503 (C.A. 5, 1963), reversing Larson v. United States, an unreported case *7 ( S.D. Fla. 1962, 11 AFTR 2d 467). Since no amount is specified or fixed in the agreement as being for the support of the children, the entire $3,000 paid in 1962 is includable as alimony in petitioner's taxable income for that year. We therefore hold for respondent. Decision will be entered for the respondent. Footnotes
1. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) * * * If a wife is divorced or legally separated from her husband under a decree of divorce * * *, the wife's gross income includes periodic payments * * * received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. * * *
(b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. * * *↩
2. The Court is referring here to the exception in section 22(k) of the Internal Revenue Code of 1939. This exception is now contained in substantially the same language in section 71(b) of the Internal Revenue Code of 1954↩.