Jeanette Fosburg v. Commissioner.
Fosburg v. Commissioner
Docket No. 2954-70 SC.
United States Tax Court
T.C. Memo 1971-186; 1971 Tax Ct. Memo LEXIS 143; 30 T.C.M. (CCH) 773; T.C.M. (RIA) 71186; August 3, 1971, Filed Jeanette Fosburg, pro se, 401 Adelberg Lane, Cedarhurst, N. Y. Steven B. Nagler, for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: The respondent determined a deficiency in the petitioner's income tax for the calendar year 1966 in the amount of $319.10. The issue before the Court is whether payments totalling $1,150 made by the petitioner's former husband constituted income to the petitioner under section 71(a)(3) of the Internal Revenue Code of 1954. [1]
Findings of Fact Some of the facts have been stipulated and are found accordingly. Jeanette Fosburg (hereinafter referred *144 to as the petitioner) resided in Cedarhurst, New York, at the time the petition was filed in this case. She filed her 1966 income tax return with the District Director of Internal Revenue at Brooklyn, New York. On September 24, 1942, the petitioner married Daniel Shapiro. They had two children from that marriage, Susan Shapiro, born April 13, 1947, and Marc Shapiro, born May 14, 1950. On June 21, 1965, the petitioner entered into a separation agreement with her husband. The agreement, among other things, provided that the petitioner would have custody of the children. It also contained a provision as follows: "8. SUPPORT AND MAINTENANCE of the children and wife. t/he husband shall pay to the wife for the support and maintenance of herself and the children, the sum of $25.00 per week, the first installment to be paid on the date of the execution of this agreement. The liability of the husband for payments as set forth in this paragraph shall continue until the younger of the two children shall reach the age of 21 years, become gainfully employed earning a salary at least equal to the minimum wage for a 40 hour work week as set forth by the statutes of the State of New York, and/or *145 enters the military service of the United States. Upon the happening of any of the foregoing events, the husband's obligation to continue the support for the wife and the children shall cease forthwith." On July 2, 1965, the petitioner obtained an absolute divorce from her husband in Mexico. The divorce decree, which was issued by the First Civil Court of the District of Bravos, State of Chihuahua, Republic of Mexico, contained the following language: "Whereas there are two children issue of the marriage, to-wit: SUSAN SHAPIRO, born April 13, 1947 and MARCSHAPIRO, born May 14, 1950, the said minor children shall remain under the custody of the plaintiff mother, JEANETTE SHAPIRO, and the defendant father shall pay for the support and maintenance of the said minors, the sum of $25.00 every week, in accordance with the provisions of the Separation Agreement entered into between the spouses on the 21st day of June, 1965, in the County of Nassau, State of New York, United States of America, praying that the said Agreement be approved in all its terms and provisions, be incorporated in the decree by reference, but shall survive such decree. * * * LET IT BE RESOLVED: * * * SECOND: *146 The children issue of the marriage to-wit: SUSAN SHAPIRO and MARC SHAPIRO, shall remain under the custody of the plaintiff mother, JEANETTE SHAPIRO, and the defendant father shall pay the sum of $25.00 every week for the support and maintenance of the said minors, in accordance with the provisions of the Separation Agreement entered into between the spouses on the 21st day of June, 1965." In her 1966 tax return, the petitioner did not report the $1,150 she received from her husband in 1966 in her gross income. 774 Respondent included the $1,150 in the petitioner's gross income on the basis that the payments were periodic alimony payments. Opinion Section 71(a)(1) provides that if a wife receives periodic payments from her husband under a decree of divorce or separate maintenance or under a written instrument incident to such a decree, such payments are includable in her gross income. Section 71(b)[2] makes section 71(a)(1) inapplicable to any part of the payments which the terms of the decree "fix" as being payable for the support of minor children of the husband. In Commissioner v. Lester, 366 U.S. 299 (1961), aff'g. 279 F. 2d 354, which had reversed *147 32 T.C. 1156, the Supreme Court traced the evolution of section 71(b)[3] and the meaning of the word "fix" as used in the statute. It stated: "The agreement must expressly specify or 'fix' a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that 'a sufficiently clear purpose' on the part of the parties is sufficient to shift the tax. It says that the 'written instrument' must 'fix' that 'portion of the payment' which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress."; and, in quoting from the report of the Office of the Legislative Committee to the Senate Finance Committee: "If an amount is specified in the decree of divorce attributable to the support of minor children, that amount is not income of the wife " *148 In this case, the divorce decree operates to "fix" a sum certain that the husband is to pay for child support, namely $25 per week. Consequently, section 71(b) restricts the application of section 71(a)(1) and the payments made to the petitioner are not includable in her gross income. The payments made by the husband were made under the mandate of the decree and even if Lester, supra, does apply to the separation agreement so as to thwart the obvious intent of the parties because of the technical ambiguity of the language, it does not apply to the divorce decree which, within its terms, clearly specifies a precise amount for child support. Metcalf v. Commissioner,, 343 F. 2d 66 (C.A. 1, 1965), aff'g. Arthur D. Thomson, 42 T.C. 825; cf. Chester L. Tinsman, 47 T.C. 560 (1967); Commissioner v. Gotthelf, 407 F. 2d 491 (C.A. 2, 1969), cert. den. 396 U.S. 828, aff'g. 48 T.C. 690 (1967). Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the petitioner. Footnotes
1. All section references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. SEC. 71(b)↩ PAYMENTS TO SUPPORT MINOR CHILDREN. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support. 3. Section 71 was formerly section 22(k) of the Internal Revenue Code of 1939↩.